## CHARLES M. GILBERSON, RESPONDENT, *v.* MILLER MINING & SMELTING COMPANY, APPELLANT.

NEW TRIAL—STATEMENT—SPECIFICATION OF PARTICULARS.—A statement upon motion for new trial, which does not specify why, in what way, or for what reason, the verdict is against law, should be disregarded.

TRIAL—READING EXTRACTS FROM LAW BOOKS TO JURY.—It was in the discretion of the court, if the jury were instructed that they were to understand that the extract read to them was not to be received by them as the law, as that would be announced to them by the court, to permit an extract from a legal treatise to be read to the jury, counsel stating that it merely expressed his views.

NEW TRIAL—STATEMENT—INSTRUCTIONS. —Where the statement upon motion for a new trial does not contain any of the evidence given at the trial, the instructions, so far as they pertain to the evidence, cannot be reviewed.

APPEAL from an order of the district court of the third district granting a new trial. The opinion states the facts.

*Mr. R. N. Baskin* for appellant.

*Mr. Presley Denny* for respondent.

EMERSON, J.:

The suit was brought to recover for 2886 railroad ties at 50 cents each, and for 1500 cords of wood at $2.00 per cord. In its answer the defendant claimed it bought of the plaintiff railroad ties amounting, at an agreed price, to $290.67, which, by agreement, it had credited upon a balance found due from the plaintiff to the defendant upon a final settlement of previous dealings between them; the answer then proceeds "that, except the railroad ties above mentioned, plaintiff did not, at the time alleged in the complaint, or at any other time, sell or deliver to defendant any railroad ties whatever, nor has said plaintiff, at any time, sold or delivered to defendant any wood whatever."

There was a jury trial, and verdict for defendant. The plaintiff moved for a new trial, which was granted, and this appeal is by the defendant from that order.

The order does not state the grounds upon which it was granted. We must, therefore, review it upon the assignments of error on the plaintiff's motion in the court below.

The first error assigned is that the verdict was against law; for the reason that there is no specification or indication why, in what way, or for what reason this is so, the objection is too general, and should have been disregarded by the court below.

Another exception is, that the counsel for the defendant was permitted by the court to read a short extract from Greenleaf on Evidence, in his argument to the jury. Upon objection being made, the counsel for the defendant, before reading the extract referred to, stated "that he did not claim that the jury could receive the portion which he proposed to read from said book as the law of this case, as the law must be given by the judge in instructing the jury, but that he claimed the right to·read from said book simply to illustrate his argument to the jury, and would adopt what the author said on the point under consideration, as expressing counsel's views of the weight which should be given to verbal admissions or conversations when testified to by third parties, and that he did not claim to the court or jury that anything so read should have any other or greater force than to illustrate the point." Whereupon the court permitted the counsel to read from said book, but at the same time stated to the jury that they were to understand that the portion so read was not to be received by them as the law, as that would be announced to them by the court.

There was no error in this. The extract was read, as stated by counsel, merely in illustration of his argument. However objectionable a practice this may be, it is allowable, within the sound discretion of the court, and no inflexible rule as to allowing or limiting the privilege can be prescribed. There certainly was no abuse of the discretion in this instance.

The remaining exceptions relate to the charge as given, and to the refusals to charge as requested by the plaintiff.

The statement on the motion for a new trial, which, by stipulation, is the statement on appeal, and forms the record in this court, does not contain a word of the testimony taken at the trial, and the applicability of most of the instructions, therefore, can not be determined.

The wording of many of the instructions conclusively shows that they referred to, and depended upon, the testimony taken, and what that was we have no means of knowing or ascertaining.

So far as the instructions related to the pleadings, they show that the view the court took of the case was that the answer sufficiently put in issue the selling of any ties to the defendant, except as stated in the answer, or the sale of any wood whatever, but, if the jury should find against the defendant upon these issues, then the price per tie, and per cord for the wood, was admitted.

In this there was no error—certainly none of which the plaintiff can complain.

There was, therefore, no ground for a new trial. The order is reversed.

ZANE, C. J., and TWISS, J., concurred.