MAHONEY, RESPONDENT, *v.* DIXON ET AL., APPELLANTS.

(No. 1,908.)

(Submitted May 28, 1904.   Decided July 8, 1904.)

*Notaries—False Certificates — Actions for Damages—Proximate Cause—Questions for Jury—Burden of Proof—Appeal from Judgment—Statement Used on Motion for New Trial.*

1.   Under Code of Civil Procedure, Section 1736, on an appeal from a final judgment, it will be presumed, in the absence of a showing to the contrary, that a statement disclosed by the record before the supreme court as prepared, settled and filed according to law was actually used upon the motion for a new trial, where it also appears that a decision on the motion was made.

2.   Under Code of Civil Procedure, Section 1736, on an appeal from a final judgment any question of law which is raised in the statement, if otherwise properly presented, will be considered and passed on by the supreme court; and thus, while it cannot consider the question of the insufficiency of the evidence to support the verdict or decision, it can determine the question of law as to whether there is any evidence to support such verdict or decision.

3.   There can be no recovery in damages against a notary for falsely certifying to an acknowledgment unless the person seeking such recovery relied upon the statements contained in the notary's certificate, so that the damages to him were proximately caused by the notary's wrongful act.

4.   In an action against a notary for falsely certifying to an acknowledgment of a mortgage, on the security represented by which plaintiff advanced money, the measure of damages was the value of the security which plaintiff would have received, had the mortgage been valid, not exceeding the amount loaned by plaintiff, and not the value of the property described in the mortgage.

5.   In an action against a notary for falsely certifying to an acknowledgment of a mortgage, on the security represented by which plaintiff advanced a loan, the burden was on plaintiff to show the value of the security which he would have received had the mortgage been valid.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by Edward L. Mahoney against John M. Dixon and others. From a judgment for plaintiff, defendants appeal. Reversed.

### STATEMENT OF THE CASE.

There was an appeal to this court from the judgment entered in favor of the plaintiff in the lower court, and also an appeal from the order denying defendant's motion for new trial. Heretofore the appeal from the order denying a new trial was dismissed.

There is no controversy as to the existence of the following facts:

That the defendant Dixon was a duly appointed, qualified and acting notary public in Silver Bow County; that the defendants Leonard and McDermott were the sureties on his official bond; that on the 10th day of January, 1900, one A. E. Reek introduced to Dixon a certain person as Andrew Nelson, who in that name had executed a mortgage on certain real estate situated in Butte, and who desired to acknowledge the execution of the same, and have his acknowledgment certified so as to entitle the mortgage to record; that Dixon took the acknowledgment, and attached to the mortgage his certificate as follows:

"State of Montana, County of Silver Bow—ss.: On this 10th day of January, 1900, before me, Jno. M. Dixon, a notary public in and for the county of Silver Bow, State of Montana, personally appeared Andrew Nelson, known to me to be the person described in, and who executed the foregoing instrument, and who severally acknowledged to me that he executed the same.

"In testimony whereof I have hereunto subscribed my hand and affixed my notarial seal on the day and year in this certificate above written.

"Jno. M. Dixon, Notary Public in and for Silver Bow county, Montana. [Notarial Seal.]"

That, as a matter of fact, Nelson was not personally known to Dixon, and no other steps were taken by Dixon to establish the identity of the person whose acknowledgment he took and certified. Plaintiff alleges that the facts stated in the notary's certificate are false and fraudulent; that in fact Nelson never appeared before the notary at all; that the signature "Andrew Nelson" to the mortgage was forged by some one who impersonated Nelson; that the plaintiff relied on the truth of the facts certified by the notary, and was thereby damaged in the sum of $1,800, which amount plaintiff had loaned on the security purporting to be represented by the spurious mortgage. These allegations are put in issue by the answer. The other allegations in the pleadings are not necessary to be considered.

Among others, the court gave instructions numbered 6 and 8, as follows:

"Instruction No. 6. The statute required that a notary shall state in his certificate that the person acknowledging was personally known to him to be the person subscribing the instrument. The plaintiff avers that Dixon made the statement required by the statute in his certificate, but that the same was false and fraudulent. If you find from the evidence that this is the fact, then, in the performance of an official act done by him as notary public, he violated an express provision of the statute, according to the case stated in the complaint. He and his sureties are therefore liable for the damage suffered by the plaintiff."

"Instruction No. 8. The jury are further instructed that the damage occasioned to the plaintiff by reason of the false certificate set forth and declared in plaintiff's complaint is the value of the property that would have been conveyed as security, provided the said note and mortgage had been valid, and not forged, up to the amount of the sum specified as the penalty of said bond; and if you believe from the evidence that the value of the property described in the complaint as lot 5 in block 3 of the

Thornton Addition to the Butte Townsite was more than one thousand dollars ($1,000), then you are instructed that the amount of your verdict should be for the full sum of the one thousand dollars ($1,000) specified in said bond."

*Mr. L. P. Forrestell, Mr. W. M. Bickford, Mr. L. O. Evans,* and *Mr. R. S. Alley,* for Appellants.

*Mr. John J. McHatton, Mr. George F. Shelton,* and *Mr. T. J. Walker,* for Respondent.

The theory of plaintiff's case is that a notary is liable for official misconduct or negligence, and especially where the law provides, as our statute does, that he may, as to a person who is not known to him, have the identity of such person proven by satisfactory evidence. (Civil Code, Sec. 1605.) In this case, Dixon, in violation of that statute and in violation of his official duty, certified that he personally knew Connors to be Nelson, the owner of the property. This fact is admitted by the pleadings in this case.

For official misconduct or neglect of a notary public, he and the sureties on his official bond are liable to the parties thereby injured for all damages sustained. (Political Code, Sec. 919; 16 Am. and Eng. Ency. of Law 1st Ed., 779; *Heidt* v. *Minor et al.,* 89 Cal. 115, 26 Pac. 627; *Oakland Bank* v. *Murfey et al.,* 68 Cal. 455.)

The condition, "well and truly to perform and discharge the duties of a notary public according to law," embraces every act which he is authorized or required by law to do in virtue of his office. (*Fogarty* v. *Finley,* 10 Cal. 239-245.)

A notary who attaches his signature and seal to a certificate, without examining it to determine that the facts certified are true, can scarcely be said to faithfully perform his duties. (*Fogarty* v. *Finley,* 10 Cal. 239-245; *Curtis* v. *Colby,* 39 Mich. 456; *People* v. *Bartels,* 138 Ill. 330, 27 N. E. 1091.)

Where a notary certifies to personal knowledge of a grantor, and the party is a stranger to him, he does so at his peril. (16

Am. and Eng. Ency. of Law, 1st Ed., 781; *State v. Meyer,* 2 Mo. App. 413; *Curtis v. Colby,* 39 Mich. 456; *People v. Bartels,* 138 Ill. 330, 27 N. E. 1091; *Fogarty v. Finley,* 10 Cal. 239-245.)

Taking an acknowledgment is a ministerial act. (*Horbach v. Tyrrell,* 48 Neb. 514, 37 L. R. A. 434; *Harris v. Hanson,* 11 Me. 245; *Knowlton v. Bartlett,* 1 Pick. 274; *Horan v. People,* 10 Ill. App. 23; *Curtis v. Colby,* 39 Mich. 456; *Doran v. Butler,* 74 Mich. 643, 42 N. W. 273; *Fogarty v. Finley,* 10 Cal. 239; Mechem, Pub. Off., Secs. 706-709; *Livingston v. Kettelle,* 1 Gilman, 116, 41 Am. Dec. 166, 175.)

The complaint in this action states a cause of action against Dixon and his bondsment and is sufficient to entitle plaintiff to recover and to sustain the judgment in this action. (*People v. Bartels,* 138 Ill. 330, 27 N. E. 1091.)

Dixon and his bondsmen, or the sureties on his official bond, may be sued together. (Code of Civil Procedure, Sec. 585; *Cole Mfg. Co. v. Morton,* 24 Mont. 58; *Rodini v. Lytle,* 17 Mont. 448.)

Contributory negligence is a matter of defense, and the plaintiff need not allege or prove its absence. (*Higley v. Gilmer,* 3 Mont. 90, 96; *Nelson v. City of Helena,* 16 Mont. 21, 22; *Prosser v. Montana Central Ry. Co.,* 17 Mont. 372, 380; *Mulville v. Pac. Mut. Life Ins. Co.,* 19 Mont. 95, 100.)

Contributory negligence, when properly pleaded, is a question of fact, to be determined by the jury upon the facts of each particular case. (*Wall v. Helena St. Ry. Co.,* 12 Mont. 44, 50; *Kelley v. Fourth of July Min. Co.,* 16 Mont. 484, 503; *Cannon v. Lewis,* 18 Mont. 402, 406.)

The law presumes damage from the breach of official duty. (*Laflin v. Willard,* 16 Pick. 64, 26 Am. Dec. 629.)

It is a well established rule in this court that where there is a substantial conflict of evidence the findings of the court or jury will not be disturbed. (*Leonard v. Shatzer,* 11 Mont. 422, 428; *Bateman v. Raymond,* 15 Mont. 439, 442; *Maddox v. Teague,* 18 Mont. 512, 522.)

Defendants, having introduced evidence after the ruling denying their motion for a nonsuit, waived the same and waived the right to complain of any error on the part of the court in overruling said motion. (*Alderson* v. *Marshall*, 7 Mont. 288; *T. C. Power & Bro.* v. *Stocking*, 26 Mont. 478, 482.)

The rule is well established that in considering alleged error in an instruction the instructions should be taken together as a whole. (*State* v. *Rolla*, 21 Mont. 582, 587; *Cannon* v. *Lewis*, 18 Mont. 402, 408.)

While the law provides that a statement on motion for a new trial may be used on appeal from a final judgment, such statement cannot be used for the purpose of determining the sufficiency or weight of the evidence to sustain the decision of the court or verdict of the jury, since such questions could only be reviewed on appeal from an order granting or denying the motion. (Code of Civil Procedure, Sec. 1736; *Withers* v. *Kemper*, 25 Mont. 432; *Wyman* v. *Jensen*, 26 Mont. 227, 240.)

MR. JUSTICE HOLLOWAY, after stating the case, delivered the opinion of the court.

A question of practice is presented by respondent's motion to strike from the files and disregard the statement on motion for new trial. It is contended that, as the appeal from the order overruling the motion for new trial has been dismissed, there is now properly before this court for consideration only the judgment roll. The question presented calls for a construction of Section 1736 of the Code of Civil Procedure, which reads as follows: "Sec. 1736. On an appeal from a final judgment, the appellant must furnish the court with a copy of the notice of appeal, of the judgment roll, and of any bill of exceptions or statement in the case, upon which the appellant relies. Any statement used on motion for a new trial may be used on appeal from a final judgment equally as upon appeal from the order granting or refusing a new trial."

Notwithstanding the statute provides that any statement used on motion for a new trial may be used on appeal from the final judgment, it has wholly failed to provide any means by which it may be ascertained that a particular statement was so used, for the order disposing of the motion for a new trial is not a part of the statement itself, and there is no statute which requires the district court, in any event, in such order, to specify the papers which were used. A statute similar to Section 1736, above, has long been in force in California, and has been considered by the supreme court of that state a number of times. Spelling, in his work on New Trials and Appellate Practice, after carefully reviewing all these decisions, reaches this conclusion: That if the record before the supreme court discloses a statement prepared, settled and filed according to law, and it is made to appear that a decision on the motion was made, it will be presumed, in the absence of any showing to the contrary, that such statement was actually used upon such motion. (2 Spelling on New Trials and App. Practice, Sec. 423.) We are disposed to accept the conclusion reached above, and adopt the practice therein indicated. The extent of the use which may be had of such statement on an appeal from the final judgment was determined, in *Whalen* v. *Harrison*, 26 Mont. 316, 67 Pac. 934, to be for all purposes for which a bill of exceptions may be properly used. In other words, any question of law which may be raised in the statement, if otherwise properly presented, will be considered and passed upon by the supreme court. While we cannot consider the question of the insufficiency of the evidence to support the verdict or other decision, we can determine the question of law suggested by the inquiry, is there any evidence to support it?

Instruction No. 6, above, given by the court, is indefinite. The jury should have been made to understand that it is only for damages proximately caused by the wrongful act of defendant Dixon that the plaintiff may recover. If, in fact, the plaintiff did not rely upon the statements contained in the notary's certificate, then the mere fact of the notary's violation of

his official duty could not have been the proximate cause of plaintiff's injury. It was necessary for the plaintiff to allege, as he did, that he did rely upon such certificate, but this allegation is put in issue by the answer. It was therefore, necessary to be supported by the proof, and considered and passed upon by the jury. Upon a retrial of this cause, this instruction may be modified in the particular indicated.

Instruction No. 8, above, is wrong. It submitted to the jury an entirely erroneous standard by which the jury might determine the measure of plaintiff's damages. By it the jury was told that the measure of such damages is the value of the property described in the spurious mortgage, not exceeding the amount of the notary's official bond. A simple illustration will show the absurdity of this position. Assuming that the property was of the value of $4,500, and that there were prior mortgages or liens upon the property to the amount of $4,000, in that event the utmost extent of plaintiff's loss would be $500, for that would be the full value of the security which he would have had for his loan, had the mortgage been genuine. Therefore the value of the property is not necessarily the criterion for determining the measure of damages. On the contrary, the measure of damages in this instance is the value of the security which the plaintiff would have received, had the mortgage been valid, not exceeding the amount loaned by plaintiff, and the burden of proof was upon the plaintiff to show such value.

We have examined the other assignments of error which are properly before us, but find no merit in them.

The motion to strike the statement on motion for new trial from the files is overruled, and the judgment is reversed, and the cause remanded for new trial.

*Reversed and remanded.*

Rehearing denied September 28, 1904.