B. A. ZITLOW v. WILLIAM A. CHISHOLM AND OTHERS.[1]

October 5, 1928.

No. 26,721.

**Cause of action not proved against notary certifying to false acknowledgment.**

Inasmuch as a forged bill of sale does not divest the owner of his title, a case which shows the forgery but not that plaintiff was disabled from reclaiming his property shows no cause of action against a notary public for his alleged wrongful and false certificate of the execution of the instrument by plaintiff.

Notaries, 46 C. J. p. 528 n. 33.

Defendant Chisholm appealed from an order of the municipal court of Minneapolis, C. L. Smith, J. denying his alternative motion for judgment or a new trial. Reversed with directions.

*Orin M. Oulman,* for appellant.

*Earl J. Lyons,* for respondent.

[1]Reported in 221 N. W. 244.

STONE, J.

Action against a notary public and his bondsmen for negligence. After a verdict for plaintiff, defendant Chisholm, the notary, appeals from an order denying his motion for judgment or a new trial.

The complaint is in substance that plaintiff left an automobile, the title of which was registered in his name with the secretary of state, with one Waldon for sale upon certain terms; that Waldon sold and delivered the machine to one Quigley; and that the transfer to Quigley was effected by the forgery of plaintiff's signature upon the short form bill of sale indorsed on the registration card issued by the secretary of state. Notwithstanding its alleged forgery, plaintiff avers that defendant Chisholm, as notary public, certified to plaintiff's acknowledgment of the execution of the instrument. The allegation in that connection that by means of the spurious bill of sale the ownership of the car "was duly transferred" to Quigley is a conclusion of law and ill-founded, for no title is conveyed by a forged instrument. Sapp v. Cline, 131 Ga. 433, 62 S. E. 529; Gross v. Watts, 206 Mo. 373, 104 S. W. 30, 121 A. S. R. 662; Smith v. Markland, 223 Pa. 605, 72 A. 1047, 132 A. S. R. 747; 2 Williston, Sales, p. 1093. There is no allegation that the transaction put the automobile out of the jurisdiction or otherwise beyond the reach of replevin. So far as appears from the complaint, title to the machine remained in plaintiff and he could have reclaimed it. Therefore his complaint does not show that he has been damaged by the notary's alleged wrongful act. Hence the timely objection that the complaint stated no cause of action should have been sustained. The proof for plaintiff went no further. Indeed it indicates that plaintiff's automobile remains in Hennepin county where plaintiff resides and where it may readily be reclaimed if he has not parted with his title thereto.

Furthermore, the record indicates that after Waldon's delivery of the car to Quigley, who paid $1,000 for it, plaintiff learned of the sale, accepted a note for the amount due him and thereafter received payments on that note, which he indorsed thereon. He says

that he took the note simply as a receipt or to show how much money he had coming. What a litigant says he has done has no weight against unequivocal proof that in fact he has done something very different. That appears to be this case, and the conclusion seems inescapable that plaintiff by taking the note from Waldon and thereafter accepting and indorsing thereon the payments which had been made ratified the sale, which he could do without regard to the supposed forgery. The defect in plaintiff's case is not merely one of pleading. It is in the evidence as well, is a matter of substance and fatal. In consequence a new trial would be futile.

Order reversed with directions for the entry of judgment for defendant.