ATLAS SECURITY COMPANY, Appellant, v. GEORGE J. O'DONNELL et al., Appellees.

No. 40070.

SEPTEMBER 22, 1930.

*S. C. Jacobsen,* for appellant.

*H. L. Leslie* and *Sager & Sweet,* for appellees.

DE GRAFF, J.—The ruling on the demurrer to plaintiff's petition, with the resulting judgment dismissing the cause of action, is the provocation for the instant appeal. Under the nomenclature of common-law pleading, this is  an action in debt. The bond of a notary is generally considered to be one of indemnity only. 46 Corpus Juris 528, Section 43. In any event, the instant action is not within the domain of tort.

Whatever divergence of opinion is found in the decisions of appellate courts in the various jurisdictions as to the nature of the liability of a notary public or the sureties on his bond, there is no dissent from the proposition that a  notary who violates his official duty, as by certifying to a false acknowledgment, is liable for the proximate damage to one injured thereby. 20 Ruling Case Law 335, Section 17. It is immaterial whether the proximate damage is caused by a negligent act or by a willful act. The doctrine of proximate causation is applicable to either case.

In the instant case, the material and well pleaded averments of plaintiff's petition may be accepted as true. The pertinent question presented for decision is, Does the petition state a cause of action; or, as put by counsel for appellees, was the false certificate of acknowledgment to the forged signature of Wilkins on the conditional sale contract the proximate cause of plaintiff's loss? If the certificate of acknowledgment was false and untrue, and the plaintiff sustained a loss proximately resulting from said acknowledgment, it is elementary that he whose wrongful act caused the injury will be held to respond in damages. Liability attaches, and will include only such damages as are directly caused by the wrongful act and necessarily connected with it. *Wyllis v. Haun,* 47 Iowa 614.

In the instant case, the plaintiff, Atlas Security Company,

a corporation, was the purchaser of a conditional sale contract of an automobile and note for the balance of the purchase price thereon. The petition of plaintiff alleges that, in the purchase of the conditional sale contract and the note, it relied upon the certificate of acknowledgment affixed to the instrument by the defendant notary O'Donnell, and that the certificate was false, and by reason thereof plaintiff was damaged in the sum of $400. The petition further sets out a copy of the conditional sale contract. It is further alleged that the defendant O'Donnell is a duly commissioned notary public in and for Bremer County, Iowa, and that the defendants Coddington and Knott are the sureties on the official bond of O'Donnell. It appears from the conditional sale contract that A. H. Coffin is the vendor, and one W. E. Wilkins is the vendee or purchaser of a certain Pontiac Sedan therein described. The contract in question contains two certificates of acknowledgment, one by Coffin, and the other by Wilkins. The certificate of acknowledgment as to Wilkins reads as follows:

"State of Iowa, County of Bremer, ss:

"On this 23rd day of July, 1928, before me, a notary public, personally appeared W. E. Wilkins, to me personally known to be the identical person named in and who executed the within conditional sale contract as purchaser, and acknowledged that he executed the same as his voluntary act and deed. Witness my hand and notarial seal, the date last above written.

"Geo. J. O'Donnell.
"Notary Public in and for said County."

It is alleged in the petition that, in truth and in fact, the signature of W. E. Wilkins on said sale contract was fictitious. It is further alleged that the defendant O'Donnell knew that said certificate as to W. E. Wilkins was false, and that the said purported signer did not appear before him, nor at any time did acknowledge said signature on the execution of said contract, and that the said defendant O'Donnell, as notary, well knew he was not personally acquainted with the said purported signer, Wilkins. The petition also alleges that the said conditional sale contract provides that it is executed to secure the payment of a certain negotiable promissory note of even date, in the principal sum of $471.24, executed by the said W. E. Wilkins, and

payable to A. H. Coffin; that the note was indorsed by the said payee; and that, on the 23d day of July, 1928, the said conditional sale contract was assigned in writing to the plaintiff herein; but that in truth and in fact the said note was and is a forger; and that neither said note nor the contract is a valid and binding obligation. The petition further alleges that, relying solely upon the aforesaid certificate of acknowledgment of the defendant George J. O'Donnell in determining the validity and genuineness of said contract, and relying upon the security provided for in said contract for the payment of said note in case payment should not be made in accordance with the terms thereof, plaintiff did purchase said note and contract from the Coffin Motor Company, and that, because said note and conditional sale contract are forgeries, plaintiff has never been, and is not now, able to obtain payment of said note or any part thereof, and is not able to obtain possession of or any right to the property purported to secure the payment of said note; that, at the time O'Donnell issued his official certificate of acknowledgment, the said A. H. Coffin was not the owner of and did not have any interest in the automobile described in said contract, and has at no time since said date owned or had any interest in said automobile; that the purported signature of Wilkins to both note and contract were forged by Coffin; that an automobile of the year and model described in said contract was and is of value in excess of the amount paid by plaintiff to the said A. H. Coffin for the note and contract described in the petition; and that the said A. H. Coffin and the Coffin Motor Company (a trade name) are wholly insolvent.

The demurrer of the defendants was based on the ground that the facts stated in the petition as amended do not constitute the proximate cause of the loss, if any, sustained by the plaintiff, and that the acknowledgment of said sale contract by the purported vendee, Wilkins, had no legal effect thereon.

Some fundamental principles of law applicable to the pleaded facts in this case may now be stated. The false acknowledgment relied on as the basis of recoverable damages did not affect

the validity or the invalidity of the sale contract. The purpose of the conditional sale contract was to retain title to the particular automobile named, until the same was paid for. The

814

purpose of the acknowledgment was to enable the holder to prove the execution of the instrument or to legally record it. The purpose of recording was to give notice to the world of the retention of the title in the vendor. The statute provides that a contract of the character involved here must be in writing, "executed by the vendor and vendee, * * * acknowledged by the vendor or vendee, * * * and recorded or filed, and such instrument or a true copy thereof be deposited the same as chattel mortgages." Section 10016, Code, 1927. It will be observed that the validity of such sale contracts as against third persons is contingent upon the execution of the contract in conformity with the requirements of this section.

It may be observed that an acknowledgment is not required by the vendor *and* vendee, but by either "the vendor *or* vendee." The valid acknowledgment of a vendor, as is attached to the

 instant sale contract, was in itself a compliance with the statutory requirement, and there is no complaint or question by appellant as to the acknowledgment by the vendor, Coffin. In brief, the acknowledgment, so far as the purported vendee, Wilkins, is concerned, may be viewed as mere surplusage, for the purpose of recording. In this particular, therefore, it in no way affected the rights of the appellant as the purchaser of the contract.

It may further be observed, as a matter of law, that a notary's certificate can in no wise be deemed to certify, guarantee, or insure the ownership or title to the property described in the instrument acknowledged. *Browne v. Dolan*, 68 Iowa 645. The liability of a notary public is not that of an insurer, and if he is to be held liable, it must be on the ground of negligence, willful misconduct, or corruption, which results proximately in a pecuniary loss to the person claiming injury. See Note 31 A. L. R. 921; 34 A. L. R. 74; 49 L. R. A. (N. S.) 45, 51.

It must also be borne in mind that the conditional sale contract in question was a mere incident to the note which it secured, and, the note being an admitted forgery, the plaintiff cannot predicate loss upon the false acknowledgment relied on here. To Coffin's forgery of the note, as alleged in petition of plaintiff, is traceable the proximate cause of plaintiff's claimed loss.

Pertinent language is used by this court in the opinion of *Wyllis v. Haun*, 47 Iowa 614, wherein it is said:

"The most that plaintiff can claim is that he inferred from the certificate of acknowledgment and the signature to the assignment of the mortgage, purporting to be that of Scranton, that the endorsement of the notes, in the same handwriting, was genuine. Haun should not be held liable for that inference. * * * As the loss was occasioned by the plaintiff's failure to obtain title to the notes, it cannot be said that this failure was caused directly by the defendant's [notary's] wrongful act."

In the case at bar, we have a note which is a forgery, and securing this note, a conditional sale contract, whereon the acknowledgment of the buyer is false. The contract must be viewed as a mere incident to the note which it secured, and it must be held that O'Donnell, as notary, did not certify that W. E. Wilkins signed the note. Had Coffin owned the automobile (but it is admitted in the petition that he did not), the false acknowledgment would not have put the vehicle beyond the lien of appellant's claim. See *Zitlow v. Chisholm*, 175 Minn. 352 (221 N. W. 244).

In the recent case of *Governor of Wisconsin ex rel. Mlekus v. Maryland Cas. Co.*, 192 Wis. 472 (213 N. W. 287), the rule applicable to the instant case is tersely stated:

"In this case there was no property mortgaged. The mortgage would have been of no value whatever, no matter whether the certificate [of acknowledgment] was false or genuine."

See, also, *State ex rel. Scruggs v. Packard*, 199 Mo. App. 53 (201 S. W. 953). In the *Scruggs* case, the court distinguishes it from *State ex rel. Matter v. Ogden*, 187 Mo. App. 39 (172 S. W. 1172), and states:

"The [*Ogden*] case was one where the notary *fraudulently* certified to a false acknowledgment, and by means of such fraudulent certificate obtained the relator's money. It has no application to a case like this."

See, also, *State ex rel. K. C. Tit. & Tr. Co. v. Otto*, 220 Mo. App. 429 (276 S. W. 96) ; *State ex rel. Park Nat. Bank v. Globe Indemnity Co.*, 222 Mo. App. 153 (2 S. W. [2d Ser.] 815) ;

*State ex rel. Meinholtz v. American Sur. Co.* (Mo. App.), 254 S. W. 561; *Harz v. Gowland,* 126 La. 674 (52 So. 986); *Coffin v. Bruten,* 78 Ark. 162 (95 S. W. 462); *Mahoney v. Dixon,* 31 Mont. 107 (77 Pac. 519); *People for use of Young v. Nederlander,* 177 Mich. 434 (143 N. W. 753); *McAllister v. Clement,* 75 Cal. 182 (16 Pac. 775).

Counsel for the appellant in the instant case relies strongly on the decision in *People for use of Doran v. Butler,* 74 Mich. 643 (42 N. W. 273); but this case is clearly distinguishable from the case at bar on the facts. In that case, the defendant Butler was the surety on the official bond of one Ashley, a duly appointed notary public. Franklin W. King was the owner of certain real estate. The signatures of King and his wife were forged on a $1,500 mortgage upon said real estate. The mortgage purported to be acknowledged before Ashley. The Supreme Court of Michigan held that the false certificate of acknowledgment was the proximate cause of the loss to the purchaser of the forged mortgage. It is readily seen that this decision is in line with the law heretofore and herein stated. The real estate covered by the mortgage actually existed, and was the property of the persons whose names were forged to the instrument, and whose signature was fraudulently acknowledged. Had the acknowledgment been true, the mortgage would have been good; and the court rightfully found that the notary and the surety upon his official bond were liable, because the false certificate was in fact the proximate cause of the loss. Comment is made by the Supreme Court of Wisconsin on the foregoing Michigan case, in *Governor of Wisconsin ex rel. Mlekus v. Maryland Cas. Co.,* 192 Wis. 472 (213 N. W. 287).

Appellant also relies on *Wilson v. Gribben,* 152 Iowa 379. The *Gribben* case is differentiated from the instant case on the facts, and, therefore, necessarily on the applicable principle of law. In that case, the false certificate was the proximate cause of the loss. It appears that one Evans made and delivered his promissory note, and to secure payment thereof, Evans and wife signed and delivered to the payee a mortgage on real estate owned by them. The mortgage was entered of record. Although the mortgage purported to have been acknowledged by the grantors before the defendant, as notary, it was never in fact acknowledged, and the certificate of acknowledgment indorsed thereon

was false. It was by reason of said defect that the record did not operate as constructive notice to subsequent purchasers, and by reason thereof, plaintiff lost his lien as against a subsequent purchaser without knowledge or notice of the mortgage. In the opinion this court said:

"Had the certificate not proven to be false, he [mortgagee] could have rested securely upon the sufficiency of the record of the mortgage, and the subsequent changes of title to the mortgaged property would not have affected his lien."

It may be said, in conclusion, in passing on the pleaded facts before us, the alleged injury manifestly resulted not from the false acknowledgment, but from the want of title in either of the parties, Coffin or Wilkins, to the automobile at the time the fabricated contract was executed by Coffin. No title to the nonexistent automobile could pass to anyone, and consequently, none from the Coffin Motor Company to its assignee, the defendant herein. It is obvious that the plaintiff's lack of title did not result from the false certificate of acknowledgment. Plaintiff could never have secured the title in any event, whether the conditional bill of sale was acknowledged or not acknowledged.

The trial court properly ruled the case.—*Affirmed.*

All the justices concur.