PEOPLE, *for use of* YOUNG, *v.* NEDERLANDER.

PRINCIPAL AND SURETY — NOTARY PUBLIC — FRAUD — BOND OF NOTARY — EXTENT OF LIABILITY — ACKNOWLEDGMENT.

For such damages only as are the proximate result of a notary's false or fraudulent certificate his surety is liable. One who parts with money upon false statements of a notary, afterwards receiving a forged deed with his fraudulent certificate, cannot recover on the bond. The misrepresentations, not the bond of the notary, constitute the proximate cause.

Error to Wayne; Van Zile, J. Submitted October 10, 1912. (Docket No. 29.) Decided November 3, 1913.

Assumpsit by Edward Young and wife in the name

of the people of the State of Michigan against George
H. Reissman, principal, and Joseph Nederlander,
surety, on the bond of Reissman as a notary public.
Judgment for plaintiff. Defendant Nederlander
brings error. Reversed as to appealing defendant.

*Bernard Goldman (Bumps & Bishop,* of counsel),
for appellant.

*Hearn, Sherman & Chapman,* for appellee.

BIRD, J.  This action was instituted to recover for
a breach of the notarial bond of defendant Reissman.
The plaintiffs had judgment against both Reissman
and his surety, Nederlander, in the trial court, and
defendant Nederlander, who alone defended, assigns
error thereon.

It appears that on September 12, 1910, defendant
Reissman sold to plaintiffs, upon contract, two lots in
the city of Detroit, for a consideration of $1,000,
$500 of which was paid down, leaving a deferred pay-
ment of $500. Less than 30 days thereafter, Reiss-
man sought out the plaintiffs, and represented to
them that his client was desirous of having her
money, and that she was willing to discount the re-
maining payment $50, if paid at once. Plaintiffs took
advantage of this offer and made the payment to
Reissman, and received from him a warranty deed
of the lots, purporting to be executed by the owner.
The deed bore the names of two witnesses and the
notarial certificate of defendant Reissman. It turned
out and appeared to be conceded on the trial that
Reissman had no authority to act for Elizabeth
Auberey, the owner of the lots, and that the deed was
a forgery.

At the close of plaintiffs' case, the defendant re-
quested a directed verdict. This was refused, and a
verdict for $950 was directed for the plaintiffs. This
action of the trial court is assigned as error. The

contention of the defendant is that no recovery could be had for the reason that, under the plaintiffs' own proof, it was shown that they did not part with their money in reliance upon the genuineness of the certificate to the deed. The general rule governing actions like the present one against notaries and their sureties is stated as follows:

"If the officer who takes an acknowledgment makes a false certificate, an action on his official bond for the damages sustained by reason thereof will lie against him or his sureties, though it seems that such recovery may be had only where the damages sustained are the proximate result of the false certificate." 1 Cyc. p. 628.

See, also, *Wyllis* v. *Haun*, 47 Iowa, 614; *Oakland Bank of Savings* v. *Murfey*, 68 Cal. 455 (9 Pac. 843); *Nolan* v. *Labatut*, 117 La. 431 (41 South. 713); *People* v. *Butler*, 74 Mich. 643 (42 N. W. 273).

Mrs. Young testified that she paid the $450, the balance on the contract, on September 28th, and that when she did so, Reissman gave her a receipt therefor and advised her that he would have the deed recorded and bring it to her. The next day, on September 29th, he delivered the deed as promised, and that was the first time she had seen it. Under her own testimony, it is obvious that she did not pay the money in reliance upon any official act of Reissman; but that she did pay it upon his unofficial statements and promises. When she parted with her money, she had not yet seen the notarial certificate, and it does not appear that she knew Reissman was a notary public. In fact it does not appear from the record that the deed was actually prepared at the time she made the payment. Had Reissman absconded immediately after receiving the payment, and not delivered the forged deed, the position of plaintiff with reference to her money would have been the same. That plaintiffs were grossly defrauded by Reissman

does not admit of doubt, but defendant Nederlander, as surety, must not be made to suffer therefor unless some act of Reissman as notary has deceived and defrauded them. The surety would not be liable to the plaintiffs for the fraud of Reissman as an individual. The undertaking of the surety was one "for the faithful discharge by said George H. Reissman of the duties of his office without fraud as a notary public." The failure of the plaintiffs to show that the loss sustained by them was the proximate result of Reissman's official misconduct or fraud renders their case against the surety without merit.

For this reason the judgment against the surety must be reversed, with no new trial granted.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.