ELLIS, APPELLANT, *v.* HALE ET AL., DEFENDANTS; CORN-
WELL ET AL., RESPONDENTS.

(No. 4,130.)

(Submitted April 12, 1920. Decided June 25, 1920.)

[194 Pac. 155.]

*Notaries Public—Official Bonds—Fraud—Sureties—Liability—*
*Burden of Proof—Failure of Proof.*

Notary Public—Official Bonds—Sureties—When Liable.
  1.  Under section 326, Revised Codes, the sureties on the official bond
  of a notary public are liable only for injury which results proxi-
  mately from his official misconduct or neglect.

Same—False Acknowledgment to Real Estate Mortgage—Damages—Bur-
den of Proof.
  2.  Official misconduct of a notary public in making a false ac-
  knowledgment to a real estate mortgage was not alone sufficient to
  render the sureties on his official bond liable for the damages flowing
  from the fraudulent act; to have this effect it was necessary for
  plaintiff · to show that he parted with value in reliance upon the
  verity of the acknowledgment.

Same—Damages—Failure of Proof.
  3.  Plaintiff, a real estate and loan agent, had made a loan upon a
  mortgage in which a client was named as mortgagee, the acknowl-
  edgment to which instrument had been forged by a notary public
  who embezzled the amount of the note supposedly secured by it sent
  to him to be paid over to the mortgagors. The mortgagee trans-
  ferred the note and mortgage to another, to whom, upon discovery
  of the fraud, plaintiff of his own motion repaid the amount ex-
  pended by him. *Held,* in an action against the sureties on the official
  bond of the notary, that, in the absence of evidence showing that he
  parted with his money, when he voluntarily repaid the transferee, in
  reliance upon the forged acknowledgment, he failed to make out his
  case, and that judgment in favor of defendants was proper.

*Appeal from District Court, Rosebud County; Charles L.*
*Crum, Judge.*

ACTION by Bradford H. Ellis against E. A. Cornwell and an-
other. Judgment for defendant. Plaintiff appeals. Affirmed.

*Mr. James A. Walsh,* for Appellant, submitted a brief and
argued the cause orally.

Section 324 of the Revised Codes provides that each notary
· public shall give a bond in the sum of $1,000. This is for the
protection of persons who may be injured by the acts of the

notary public. The bondsmen are responsible for any acts of the notary public by which others are injured. (*Mahoney* v: *Dixon,* 31 Mont. 107, 77 Pac. 519; *Doran* v. *Butler* (*People* v. *Butler*), 74 Mich. 643, 42 N. W. 273; *Stork* v. *American Surety Co.,* 109 La. 713, 33 South. 742; *State* v. *Ogden,* 187 Mo. App. 39, 172 S. W. 1172; *Peterson* v. *Mahon,* 27 N. D. 92, 145 N. W. 596; *McLenden* v. *American Freehold Land & Mtg. Co.,* 119 Ala. 518, 24 South, 721; *Wilson* v. *Gribben,* 152 Iowa, 379, 132 N. W. 849; *Homan* v. *Wayer,* 9 Cal. App. 123, 98 Pac. 80; *Bartels* v. *People* (*Wolfe* v. *People*), 152 Ill. 557, 38 N. E. 898; *Kleinpeter* v. *Castro,* 11 Cal. App. 83, 103 Pac. 1090; *Weintz* v. *Kramer,* 44 La. Ann. 35, 10 South. 416; *People* v. *Bartel,* 138 Ill. 322, 27 N. E. 1091; *Fogarty* v. *Finlay,* 10 Cal. 239, 70 Am. Dec. 714; *Barnard* v. *Schuler,* 100 Minn. 289, 110 N. W. 966; *State ex rel. Savings & Trust Co.* v. *Hallen,* 165 Mo. App. 422, 146 S. W. 1171.)

The mortgage and note here involved were assigned to Frank J. Fenn. When it was discovered that the certificate was false, Fenn assigned the note and mortgage, together with his cause of action, to the plaintiff in this case. Any owner of the mortgage had a right of action against the notary public and his bondsmen for damages suffered by reason of any act of the former. That right of action was assignable. (*Caledonia Ins. Co.* v. *Northern Pac. R. Co.,* 32 Mont. 46, 49, 79 Pac. 544; *Parnell* v. *Davenport,* 36 Mont. 571, 573, 93 Pac. 939; *Flinner* v. *McVay,* 37 Mont. 306, 313, 15 Ann. Cas. 1175, 19 L. R. A. (n. s.) 879, 96 Pac. 340; *Crumlish's Admr.* v. *Central Imp. Co.,* 38 W. Va. 390, 45 Am. St. Rep. 872, 23 L. R. A. 120, 18 S. E. 456.)

In business transactions the intent of the parties to a contract should have a controlling influence. If the parties did not intend that the receipt of money by one should be accepted by him as a payment and that the other party paid it over with the intent that it should be a payment, the courts should not, without any evidence, say that the parties intended something that they did not express in the contract, but, on the contrary,

clearly expressed their intention that the money should not be paid or accepted as a payment, but that it was given as a consideration for an assignment. (*Gernon* v. *McCan*, 23 La. Ann. 84; *Hill* v. *King*, 48 Ohio St. 75, 26 N. E. 988; *Stevens* v. *King*, 84 Me. 291, 24 Atl. 850; *Coe* v. *Jersey M. R. Co.*, 31 N. J. Eq. 105; *Neely* v. *Jones*, 16 W. Va. 625, 37 Am. Rep. 794; *Hall* v. *Taylor*, 18 W. Va. 544.)

It was strenuously argued in the court below, and the court seemed to give great weight to the argument, that the plaintiff in this case and Hale were joint tort-feasors, and therefore the plaintiff could not ask for contribution or enforce a liability. Even if Hale and the plaintiff were engaged together in the loaning business and Hale, without knowledge or consent of the plaintiff, executed and issued the false certificate, the plaintiff would be entitled to recover. The rule that one joint tort-feasor cannot recover from another has many exceptions. To prevent a recovery both must have acted knowingly and willfully. The rule is that where one person acts innocently, although he may have participated in doing the act, and he is compelled to pay the damages sustained, he can recover from the one who was responsible for the wrong. (See Cooley on Torts, 1st ed., 147, 148; Pollock on Torts, 231, 232; *Armstrong County* v. *Clarion County*, 66 Pa. St. 218, 5 Am. Rep. 368; *Farwell* v. *Becker*, 129 Ill. 261, 16 Am. St. Rep. 267, 6 L. R. A. 400, 21 N. E. 792; *Van Diver* v. *Pollack*, 97 Ala. 467, 19 L. R. A. 628, 12 South. 473; *Gray* v. *Boston Gaslight Co.*, 114 Mass. 149, 19 Am. Rep. 324; *Westfield* v. *Mayo*, 122 Mass. 100, 23 Am. Rep. 292.)

*Mr. Sterling Wood* and *Mr. Donald Campbell*, for Respondents, submitted a brief; *Mr. Campbell* argued the cause orally.

The appellant cannot recover in this action, because the payment made by him to Fenn, and the attempted assignment of Fenn's cause of action to appellant, operated as a complete satisfaction and discharge of Fenn's claim and a release of Hale and his bondsmen from further liability. The re-

spondents ground themselves squarely upon the rules and principles of law announced by this court in the following cases: *Tanner* v. *Bowen,* 34 Mont. 121, 115 Am. St. Rep. 529, 9 Ann. Cas. 517, 7 L. R. A. (n. s.) 534, 85 Pac. 876; *Penwell* v. *Flickinger et al.,* 46 Mont. 526, 129 Pac. 323. The appellant was a stranger and a pure volunteer so far as Fenn was concerned. He paid Fenn in full for the loss which Fenn was about to sustain. He thereby settled and discharged any action which he, Fenn, might have had against Dana, or any possible claim or right of action which he, Fenn, might have had against Hale and his bondsmen; he settled for the damage occasioned by the manufacture and negotiation of these securities, he liquidated the damage occasioned to Dana by the tortious acts of Hale. Any damage that had been occasioned or could be occasioned by any tort that had been committed by any of the parties in these transactions was fully compensated, and any right of action which existed in favor of anyone was extinguished. Dana took the money from Ellis in full satisfaction of his injury. The record discloses that Ellis, recognizing a moral obligation, voluntarily paid Fenn and thereafter took the assignment in question. We submit there was nothing to assign, and no good purpose can be served by a discussion of the several cases cited under this head in appellant's brief.

The defendant Hale and Ellis were joint tort-feasors. The record in this case shows that C. F. Ellis & Company were acting as agents for Richard H. Dana, Jr., in the loaning of money. The relation between Dana and Ellis & Company was that of principal and agent. Ellis & Company owed Dana the duty to see that Dana's money was properly and safely invested and that he obtained good and valid securities. Ellis & Company, agents, employed an agent, in this instance Hale, or the Rosebud Abstract Company. Hale forged the mortgage in question, took Dana's money and absconded. Ellis & Company in turn passed the forged instrument to Dana. The fact that Ellis & Company were ignorant of the forgery would in

no wise affect their liability to Dana. Ellis & Company were responsible for the acts of their agent and Dana could have sued the company or Hale, or the two jointly. The rule is thoroughly discussed in Cooley on Torts, 2d ed., pp. 162–166. The company being innocent of any intentional wrong, would have the right of contribution as against Hale for any amount for which they might be held liable to Dana. (*Id.*, pp. 166–184; 38 Cyc. 493, 1088.) The company, acting through the appellant, having made settlement, there was nothing which they or this appellant could take from Fenn by this assign-ment.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Early in 1915, Newton Sanders applied to C. F. Ellis & Co. for a loan of $1,000, to be secured by a mortgage upon real estate situated in Rosebud county. The application was approved and a note payable to Richard H. Dana, Jr., and a mortgage in which Dana was named mortgagee, were forwarded by Ellis & Co. to Edgar H. Hale at Forsyth, to be executed by Sanders and wife. About April 12 the papers were returned apparently properly executed, the acknowledgment to the mortgage purporting to have been made by Sanders and wife before Hale as notary public. On April 12 a check payable to Hale, for the amount of the loan less certain expenses, was sent to Hale. The check was signed by Ellis & Co., was cashed by Hale, the money embezzled, and Hale absconded. Later it developed that the purported signatures of Sanders and wife were forgeries and the acknowledgment false and fraudulent. Before the fraud was discovered, and on May 7, Richard H. Dana, Jr., by Charles F. Ellis, his attorney in fact, transferred the note and mortgage for value to Frank J. Fenn. As soon as the fraud was discovered, Bradford H. Ellis, of his own motion, repaid to Fenn the amount Fenn had paid for the note and mortgage, and a few days later took from Fenn an assignment of any right of ac-

tion which Fenn had against Hale and the sureties on his notarial bond, and soon thereafter commenced this action. The sureties appeared by answer and upon the trial a verdict in their favor was directed by the court. From the judgment dismissing his complaint and from an order denying his motion for a new trial, plaintiff appealed.

Every material allegation of the complaint was put in issue [1–3] by the answer. The burden was imposed upon the plaintiff to prove the case made by his pleading and in this he failed signally. Section 326, Revised Codes, defines the liability of the sureties on the official bond of a notary public as follows: ''For the official misconduct or neglect of a notary public, he, and the sureties on his official bond, are liable to the parties injured thereby for all damages sustained.'' The language is reasonably clear and, when tested by the rules of construction applicable, leaves no room for doubt. The sureties are liable for injury which results proximately from the official misconduct or neglect of the notary. This is the meaning of the statute above. (*Mahoney* v. *Dixon*, 31 Mont. 107, 77 Pac. 519.) Neglect is not charged against Hale, but it is alleged that he made a false and fraudulent acknowledgment to the mortgage. This fact alone, however, would not render the sureties liable. In order to constitute Hale's fraudulent act a proximate cause of injury, someone must have parted with value in reliance upon the verity of the certificate. Who, then, could have sustained such injury as would have given rise to a cause of action against these sureties?

First: Dana, provided he parted with his money in reliance upon the truth of the statements contained in the certificate, and he might have acted in person or by agent; but if the money transmitted to Hale was not his money, he suffered no injury and had no cause of action. It is not alleged specifically that the money belonged to Dana and there is not even a scintilla of evidence that it was his money. The only reference to the subject is found in the cross-examination of plaintiff when, after testifying to the valuation placed upon the

Sanders land, he answered a question as follows: "Q. That was your valuation and on the strength of that valuation you recommended a loan, did you, of $1,000 of Mr. Dana's money? A. Yes." Whether the money thereafter sent to Hale was Dana's money, the money of plaintiff, the property of C. F. Ellis & Co., or the money of someone else, is left to conjecture. Neither is there any evidence that Dana relied upon the notary's certificate or that he ever knew of the transaction. This plaintiff testified that he (plaintiff) relied upon the verity of the certificate. He alleges in his complaint that he represented Dana in loaning money in this state, but that allegation was denied and there is no evidence even tending to support it; neither is there any evidence tending to prove that plaintiff was the agent of Dana in this particular transaction. The record discloses, on the contrary, that Charles F. Ellis had a power of attorney from Dana and the correspondence concerning this loan was all with C. F. Ellis & Co. Just what was the legal status of C. F. Ellis & Co. is not made apparent. There is not a syllable of evidence to show whether C. F. Ellis & Co. was a corporation, a copartnership, or merely a fictitious name under which someone did business. In other words, there is not any evidence that Dana suffered injury by reason of his reliance upon the notary's certificate, and therefore he had no cause of action which he could assert and none which he could transfer to Fenn.

Second: Fenn would have had a cause of action if, when he purchased the note and mortgage, he parted with his money in reliance upon the notary's certificate; but Fenn was not called as a witness and there is not even a suggestion in the record that he ever examined the certificate or placed any reliance whatever upon it; so that, so far as he is concerned, this record fails altogether to disclose that he had any cause of action against these sureties, and since the only cause of action attempted to be stated in the complaint herein is one which Bradford H. Ellis procured from Fenn by virtue of the

assignment, it follows that the evidence fails to make out the case stated.

The authorities are in accord in supporting the rules announced above. (*State ex rel. Mathews* v. *Boughton*, 58 Mo. App. 155; *People* v. *Nederlander*, 177 Mich. 434, Ann. Cas. 1915C, 1026, 143 N. W. 753; 1 Corpus Juris, 902; 20 R. C. L. 336; note to *Joost* v. *Craig*, 82 Am. St. Rep. 380; John's American Notaries, sec. 17.)

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY, MATTHEWS and COOPER concur.

Rehearing denied September 27, 1920.