HOPE v. VICTOR.

OHIO CASUALTY INSURANCE COMPANY v. SAME.

1. NOTARIES—MISFEASANCE—LIABILITY FOR DAMAGES—PROXIMATE CAUSE.

Misfeasance by a notary and defective notarization of affidavits by him cannot as a matter of law be the proximate cause of a writ of restitution issued by a circuit court commissioner, where the persons purporting to make the affidavits did in fact sign the instruments and were prepared to swear to their truth.

2. SAME—MISFEASANCE—LIABILITY FOR DAMAGES—PROXIMATE CAUSE.

The violation of his office by a notary is not sufficient ground for a claim for damages unless such violation was the proximate cause of the injury.

----

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4, 5] 39 Am Jur, Notary Public § 29.
   Liability of notary public or his bond, 17 ALR2d 948.
[3] 42 Am Jur, Process § 131 et seq.

3. Process—Proof of Service—Defective Return.

Defective return on a proof of service is not jurisdictional, and the return is a mere formality where notice was transmitted to the defendant in fact (GCR 1963, 104).

4. Notaries—Improper Notarization—Liability for Damages—Proximate Cause.

An improper notarization of a document should not be regarded as the proximate cause of an injury where the person who purported to sign the document did in fact sign it and was prepared to swear to its truth before a notary.

5. Same—Improper Notarization—Liability for Damages—Proximate Cause.

Improper notarization of an affidavit to a complaint before a circuit court commissioner and of the return on a proof of service of a notice to quit premises *held,* not a proximate cause of plaintiff's eviction and therefore not grounds for a claim for damages arising from that eviction.

Appeal from Wayne, Rashid (Joseph G.), J. Submitted Division 1 March 7, 1967, at Detroit. (Docket No. 2,200.) Decided July 23, 1968.

Complaint by Wallace Hope against Lilyan Victor and Ohio Casualty Insurance Company, a surety, for improper notarization of certain documents, and cross-complaint by Ohio Casualty Insurance Company against Lilyan Victor for indemnification. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Nussbaum, Stacey & Munger (James H. Crum,* of counsel), for plaintiff.

*Paul E. Carroll,* for defendant and cross-plaintiff Ohio Casualty Insurance Company.

*Victor & Covensky,* for defendant and cross-defendant.

J. H. GILLIS, J.   Plaintiff Wallace Hope leased
certain premises from Mr. and Mrs. Weiss.   Mr.
Hope failed to make payments for the rent due for
the months of May and June, 1963, and the Weisses
commenced an action for recovery of possession of
the premises.   CLS 1961, § 600.5634 (Stat Ann 1962
Rev § 27A.5634); CLS 1961, § 600.5637 (Stat Ann
1962 Rev § 27A.5637).   Judgment for the Weisses
was entered by the circuit court commissioner on
June 7, 1963 and plaintiff's eviction under a writ
of restitution followed.

Mr. Hope brought this present action against
Lilyan Victor, a notary public, for alleged improper
notarization of the affidavit to the complaint before
the commissioner and of the return on the proof
of service of the notice to quit the premises.   In both
instances of alleged official misconduct by Lilyan
Victor, it is claimed that she allowed her name to
be affixed to the jurat by the affiant without having
personally witnessed the signature or administered
the oath as required by CL 1948, § 55.112 (Stat Ann
1961 Rev § 5.1046).

As to the signature on the affidavit attached to the
complaint in the commissioner's court, plaintiff al-
leges that Mr. Covensky did sign the affidavit as
attorney for the Weisses and did also sign the
name of Lilyan Victor as notary.   The complaint
states that Lilyan Victor authorized Mr. Covensky
over the telephone to sign her name to the jurat
and that Mr. Covensky never did personally appear
before Mrs. Victor.   Such conduct, it is claimed,
was in violation of the duties of office of notary and
was a proximate cause of the eviction which subse-
quently ensued.

Likewise it was alleged that the notarization on
the return to the proof of service was made in the
same manner, by Lilyan Victor giving permission

to Maurice Victor to sign her name to the jurat.
Mr. Victor was co-counsel for the Weisses.

Plaintiff's action is for damages for injuries suf-
fered by reason of the eviction. It is alleged that
these injuries were the proximate result of Lilyan
Victor's misfeasance. The Ohio Casualty Insurance
Company is joined as surety on Mrs. Victor's notary
bond and cross-claims against Lilyan Victor for in-
demnification for any damages it might be made
to suffer in the principal lawsuit.

Defendants moved for summary judgment in the
trial court under the provisions of GCR 1963, 117.2
(1) for the reason that plaintiff failed to state a
claim on which relief can be granted because he has
failed to show any proximate causal connection be-
tween the breach of duty by the notary and the
eviction on the writ of restitution. The trial judge
granted the motion and plaintiff here seeks review
of that judgment.

The pertinent paragraphs of the complaint state:

"That as a direct result of her wrongfully exer-
cising her duties as a notary public, Lilyan Victor
caused the plaintiff, Wallace Hope, to suffer great
damages.

"That as a direct result of her wrongfully notariz-
ing the proof of service and affidavit to the complaint
to recover possession, a writ of restitution was
issued and plaintiff, Wallace Hope, was forced out
of possession of the premises.

"That as a direct and proximate result of Lilyan
Victor's wrongfully notarizing the documents,
Wallace Hope has been forced to suffer the follow-
ing damages:"

The question now before this Court is whether,
as a matter of law, on the allegations made, the
breach of the notary and the defective jurats may
be the proximate cause of the writ of restitution

issued by the circuit court commissioner. We agree with the trial judge that the answer is in the negative and that without such proximate relationship the violation of duty of the notary is insufficient on which to base (an entitlement to) relief.

It is settled in this State (and indeed generally throughout the jurisdictions)[1] that breach of the office of notary does not give rise to an action unless such breach was the proximate cause of the injuries sustained. *MacBride* v. *Schoen* (1932), 121 Cal App 321 (8 P2d 888); *People, for Use of Doran,* v. *Butler* (1889), 74 Mich 643. In *People, for Use of Young,* v. *Nederlander* (1913), 177 Mich 434, 436, the Court stated:

"If the officer who takes an acknowledgment makes a false certificate, an action on his official bond for the damages sustained by reason thereof will lie against him or his sureties, though it seems that such recovery may be had only where the damages sustained are the proximate result of the false certificate."

The present case is novel in that the wrongful conduct was separated from the alleged injury by a final order of a court of competent jurisdiction. The causation of events were the defective jurat, the action of the circuit court commissioner, and the issuance of the writ of restitution.

We see no need to decide whether a false jurat to the return on the proof of service destroys the vitality of that instrument. GCR 1963, 104(2) governs the requirements of proof of service. The committee comment to Rule 104 states that a defective return is not jurisdictional (1 Honigman & Hawkins, Michigan Court Rules Annotated [2d ed], p 64) and that the return is a mere formality where notice was transmitted to the defendant in fact. In this

---

[1] See 66 CJS, Notaries, p 626, § 11 *et seq.*

case no claim is made that the means of giving notice was not in accordance with the statutory procedures.

It is not claimed that Mr. Covensky did not in fact sign the complaint and affidavit made in the commissioner's court or that another notary would not have verified the signature upon proper oath. In our opinion an improper notarization should not be regarded as the proximate cause of injury where the one who purported to sign the document did in fact sign, and was prepared to properly swear before a notary; and we so hold.

In *Radcliff* v. *Clemons* (1954, Tex Civ App), 265 SW2d 182, the court stated:

"The record contains no evidence that Shaw's certification proximately caused appellant's injury. On the contrary, the only evidence is to the effect that the certification was in fact true, there being no contention made that the prior owner did not sign the title certificate, which in itself negatives the contention that Shaw's certification of that fact could have been the cause of appellant's injury."

Thus we find that the acts of Lilyan Victor were not the proximate cause. Covensky and Victor did in fact sign the documents and would simply have had them notarized anyway. In this regard our present case is markedly distinct from a situation where the notary certified a forged signature to a document which led to the injury complained of (*People, for Use of Doran,* v. *Butler, supra; People, for Use of Young,* v. *Nederlander, supra*).[2] We are

[2] The cases may be read as holding the notary liable where a certification is made to a forgery because another notary, in the exercise of due care, would not have certified the forged signature and the injury would not have resulted. See *United States Fidelity & Guaranty Co.* v. *State, for Use of Ward* (1951), 211 Miss 864 (53 So 2d 11) and *Koste* v. *Maryland Casualty Co. of Baltimore* (1961, Mo), 344 SW2d 55. A similar situation is presented where the notarization gives legal effect to a true signature but not intended to be legally effective. *State, ex rel Nelson,* v. *Hammett* (1947), 240

in accord with the general view that no liability attaches for an improper notarization unless there be shown to be a causal relationship to the injury. *North Detroit Land Co.* v. *Rominiecki* (1932), 257 Mich 239; Annotation, 17 ALR2d 948.[3]

We cannot say, nor allow a jury to find, that the eviction proximately flowed from an improper notarization where it appears that the signatures were in fact genuine and any other notary would have certified the same on the jurat.

Under the circumstances plaintiff has failed to state a claim for relief and summary judgment was proper.

Affirmed. Costs to appellee.

LESINSKI, C. J., and LEVIN, J., concurred.

---

Mo App 307 (203 SW2d 115), but it has been said that it must appear that the notarization rather than the signature itself was relied upon. *Lowe* v. *Robin* (1958), 203 Tenn 105 (310 SW2d 161).

[3] In *Atlas Security Co.* v. *O'Donnell* (1930), 210 Iowa 810 (232 NW 121), an improper notarization of an automobile sales contract was held not the proximate cause of the purchaser's injuries since the seller did not own the automobile and no lien would have been created even with a proper notarization. In *Immerman* v. *Ostertag* (1964), 83 NJ Super 364 (199 A2d 869), the improper notary was held not the proximate cause where the court found that the forger would have sworn the oath if so requested by the notary. In *Governor of Wisconsin, ex rel. Kadin,* v. *Bristol* (1938), 229 Wis 95 (281 NW 686) the court affirmed dismissal of a complaint against a notary for want of proximate causation. In that case the notary certified the statement of a surety but left blank spaces where he was to state assets and liabilities. Proximate causation, the court held, was the subsequent act of a third person in filling in the spaces with false information and not the act of the notary in making the certification. (281 NW, p 687).