### Rufus Hunter, Executor, &c., v. Greenleaf Hopkins.

*Parol evidence to divest a title to land.*—To warrant a court of equity in divesting a title to land, on parol evidence that an unrecorded deed given therefor was subsequently, by agreement between the parties, surrendered by the grantee to be cancelled, the preponderance of evidence should be clear, and the evidence should be so convincing as to leave no reasonable doubt upon the mind.

*Heard October 7th and 8th, 1863. Decided January 8th*

Appeal in chancery from Oakland Circuit.

Hunter, as executor of the last will and testament of Chipman Hopkins, filed his bill against Greenleaf Hopkins, setting forth in substance; That Chipman Hopkins, in October, 1848, was seized of certain lands, which 'he on that day conveyed to his son Greenleaf Hopkins, the defendant, and took back a life lease. That on the 10th September, 1854, Greenleaf, having] failed to pay for' said lands, was desirous to rescind his contract, and that it was agreed that the same should be done. That Chipman Hopkins settled with Greenleaf for what he had paid on the land, which sum was about forty dollars, and the same was paid back in a horse.

It is further charged that the deed was not recorded, and therefore it was handed back by Greenleaf, and the name was taken off or obliterated, and the deed was taken by Chipman and put among his papers, and remained there till March or April, 1856. That after that time it was taken without consent, and on 2d May, 1856, was recorded in the register's office of Oakland county, and that Greenleaf claims the land.

In his answer, Greenleaf admits the conveyance of said lands to him, but says the consideration was a mortgage of two hundred dollars on the land, and a mortgage on a horse of one hundred dollars, and the life lease. He avers that the deed was duly executed and acknowledged, and before he got it recorded some person unknown got possession of it, and tore off the name of Chipman. That after it was so mutilated he caused it to be recorded. He asserts that he paid Chipman the amount due on the mortgages, and they were given up to him.

That he never, at any time, proposed to rescind said trade, and that Chipman never let him have a horse to apply on a contract. That Chipman did let him have a

horse to sell, and that he sold him as agent for Chipman, and paid over the proceeds.

A large amount of oral testimony was taken in the case, and the Circuit Court entered decree for the complainant, as prayed.

*G. V. N. Lothrop*, for complainant.

*Baldwin & Draper*, for defendant.

CHRISTIANCY J.:

Upon a careful examination of the evidence in this cause, we do not think it satisfactorily sustains the case made by the bill. There is no direct or satisfactory evidence that the deed from Chipman Hopkins to his son (the defendant) was ever given up by the latter to the former, or that it was ever cancelled by the defendant's consent.

As to the horse alleged in the bill to have been given by Chipman Hopkins to the defendant, as a consideration for relinquishing to the father his title to the farm, we think there is a preponderance of evidence that it was sold by defendant as the agent of his father, and that the latter received the proceeds.

The evidence upon the point whether the farm had been given up to the father, and the trade abandoned, is very conflicting, and too inconclusive, in our opinion, to furnish a safe ground for divesting the record title to real estate. To divest such title on the grounds mentioned in the bill, upon parol evidence alone, the preponderance of evidence should be clear, and the evidence should be so convincing as to leave no reasonable doubt upon the mind.

The decree of the Circuit Court for the county of Oakland in Chancery must be reversed, and the bill dismissed, with costs to the defendant in both courts.

MARTIN CH. J. and CAMPBELL J. concurred.

MANNING J. did not sit in this case.