## William P. Manley v. Edmund C. Saunders.

*Vendor: Vendee: Contract: Mistake: Estoppel.* In a suit by a vendor against his vendee to compel payment of the balance on a purchase of land, where the dispute related to the price agreed to be paid, the vendor claiming that it was $3,500, subject to a mortgage of $2,500, and the vendee that it was $3,500 in all, it appearing clearly that the vendor's understanding of the contract was as he asserts, and by a preponderance of evidence that the vendee either so understood it also, or at least that, knowing how the vendor understood the negotiations, he failed to suggest any mistake, it was held that the vendee was estopped from asserting a different contract from that which he had left the vendor to understand was mutually intended.

*Heard May 2 and 6.    Decided July 11.*

Appeal in Chancery from Allegan Circuit.

*Stafford & Padgham* and *J. L. Hawes,* for complainant.

*G. Chase Godwin, John T. Holmes* and *G. V. N. Lothrop,* for defendant.

MANLEY v. SAUNDERS.

COOLEY, J.

This is a bill by vendor against vendee to compel payment of the balance on a purchase of land, and the dispute relates to the sum agreed to be paid. The vendor claims that it was three thousand five hundred dollars, subject to a mortgage of two thousand five hundred dollars, held by the vendee, and the vendee insists it was to be three thousand five hundred dollars in all. The vendee has been put in possession, but the title has never been conveyed. The circuit judge has found the case made by the bill to be proved.

No points of law are suggested which seem to us to require discussion, and the case may be said to rest upon the questions of fact alone. It has been to us one of the most difficult of satisfactory solution we have ever had occasion to deal with, from the utter impossibility of reconciling the evidence as to what the contract was, or of determining beyond reasonable doubt which party, or whether either is clearly and exclusively in the right. We are satisfied, however, that the complainant's understanding of the contract was precisely what he asserts by the bill, and that if such a contract was not made in fact, the case is one of mutual misapprehension. We are not so well satisfied that the defense is equally sincere. As the case is one where the sum of three thousand five hundred dollars would naturally, on the theory of either party, be the one principally mentioned, it is obvious that a misunderstanding might easily occur; but the preponderance of evidence seems to us in favor of the conclusion, either that both parties understood the contract to be as complainant asserts it was, or that defendant, knowing how complainant understood the negotiations, failed to suggest any mistake, but went on to take possession, intending, when it became necessary, to insist upon his own construction. But, even if the fact was as last suggested, he should be held estopped now from asserting a different contract from that which he has left complainant to understand was mutually intended. And

as this was the conclusion of the circuit judge, we will not disturb his decree.

The decree will be affirmed, with costs.

The other Justices concurred.