Campbell, J.:
The bill in this cause is filed to set aside a mortgage on Steward M. Norton’s homestead, on the ground that Caroline A. Norton, his wife, did not legally acknowledge it.
The mortgage was made April 8, 1871, to secure a note to defendant for six hundred dollars and interest at ten per cent, in one year. Rachael P. Nichols, the defendant, began a statutory foreclosure, advertising the sale for July 18, 1874. The bill was filed May 27, 1874.
The bill does not dispute the consideration of the mortgage, but puts the claim for relief entirely on the following allegations:
“And your orator and oratrix further show unto this court *143 that the said mortgage was drawn by John S. Bennett, in his office, who was an attorney and also notary public in and for the county of Ionia; that after the said mortgage was drawn the said Bennett took it and with your orator went to your orator’s house to procure the signature and acknowledgement of our oratrix, Caroline A. Norton, to the same; that the said Bennett and your orator went into the house and in the room where your oratrix was, and she signed the said mortgage and acknowledged the same before the said John S. Bennett, a notary public, as aforesaid; that your oratrix, the said Caroline A. Norton, signed the said mortgage, and that your orator, StewaTd M. ^Norton and the said Bennett and others were in the room when she did so, and that your orator was in the room with her and the said Bennett and others, when your oratrix acknowledged the said mortgage; that she acknowledged the same in her husband’s presence, and that your oratrix, Caroline A. Norton, did not acknowledge the said mortgage separately and apart from her husband, Stewart M. Norton, but in the room where he was and in his presence, contrary to the statute in such case made and provided.”
This bill does not show that the mortgage was executed by Mrs. Norton unwillingly, or under any compulsion or influence, nor that she would not and did not acknowledge it freely. The whole ground for assailing the mortgage, which was in all respects fair and voluntarily made for a good and valuable consideration, is the technical claim that the acknowledgement should not have been taken in .the husband’s presence.
Mrs. Norton knew the purpose of the mortgage and that the mortgagee relied on it as valid, and that it was valid on its face. Instead of attempting to repudiate it and give timely information to Mr. Nichols that the mortgage was not what she had done her best to make it appear, she gave no information and allowed her husband to reap all the benefits of the loan, only objecting when steps were taken to enforce it.
Whatever may be the rule concerning the formalities needed to bind married women, there is no doubt they may be estopped by their deliberate conduct as well as any one else. The cases *144 of Sharpe v. Foy, 4 Ch. Ap. (L. Rep.), 35, and In re Lush's Trusts, 4 Ch. Ap. (L. R.), 591, are analogous and in point. And the circumstances of this case show that the defendant would he grossly defrauded by the complainant’s course if this mortgage is allowed to be set aside. There is no equity whatever in the bill, which on its face is an attempt without any merit to evade an honest claim which could never have been created unless the *complainants had both done what they could to create confidence in it.
If a court can ever set aside a conveyance for a mere omission which is made out by contradicting an official act where there has been no fault in the claimant, — a point which we have no occasion to discuss, — it certainly will not do so when the party complaining has not only consented to the act, but has never taken any course to repudiate it or to save the grantee from the effects of confidence in its validity.
The decree must be reversed and the bill dismissed, with costs of both courts.
The other justices concurred.