ROYAL W. PEAKE v. ABNER D. THOMAS, LAURA A. THOMAS ET AL.

*Estoppel from disputing mortgage of homestead.*

Whenever one of two innocent persons must suffer by the act of a third, the loss shall be borne by that one whose behavior in the matter denoted to the other that such third person's doings therein were worthy of trust according to their outward seeming.

Whatever may be the actual intent of a party to a transaction, if he so acts as to lead a reasonable person to believe that he understands and assents to its terms, and the other party so believing, acts accordingly, the former is estopped from asserting that he did not so understand and assent; and he is bound by the action taken.

A wife joined in her husband's mortgage of certain lands including the homestead. On foreclosure she claimed that the home lot was her separate property, and that she had not known that the mortgage covered it; that she had not read the mortgage nor heard it read, and that if she had, she would not have recognized the home lot by its description. It appeared that the mortgagee had acted in good faith and had done nothing to mislead her. *Held* that the home lot was subject to the foreclosure decree.

Appeal from Kent. Submitted Oct. 25. Decided Oct. 31.

FORECLOSURE. Complainant appeals.

*Carveth & Clark* and *Taggart & Wolcott* for complainants. Ignorance arising from the party's negligence is no ground for relief in equity, *McEwan v. Ortman,* 34 Mich., 325; *McMillan v. L. S. & N. I. R. R.,* 16 Mich., 79; *Withington v. Warren,* 10 Met., 431; *Jackson v. Croy,* 12 Johns., 426; *Jackson v. Hayner,* 12 Johns., 469; *Shepard v. Shepard,* 36 Mich., 173.

*Norris & Uhl* for defendant Laura A. Thomas. A wife's release of dower does not estop her from claiming an interest distinct from dower, *Strawn v. Strawn,* 50 Ill., 33; Bigelow on Estoppel, 345, 443-4, 450; her intent to charge her separate estate must be expressed in the contract, *Manhattan B. & M. Co. v. Thompson,* 58 N. Y., 82; a married woman can never be held without affirmative proof that the contract is her own and within her powers, *Powers v. Russell,* 26 Mich., 179; *Emery v. Lord,* id., 431; *Orr v. Shraft,* 22 Mich., 260; *Fisher v. Meister,* 24 Mich., 449; *West v. Laraway,* 28 Mich., 465; the wife's execution of her husband's deed only imports that she releases her contingent right of dower and consents to the deed when it affects the homestead; but if

the intent is to affect any independent interest of her own, it is reasonable to expect a special provision in the instrument showing specifically how far her separate interests are meant to be affected, *Kitchell v. Mudgett,* 37 Mich., 81; *Jenne v. Marble,* id., 319; *Carley v. Fox,* 38 Mich., 387.

GRAVES, J.    This bill was filed in the fall of 1876 to foreclose two mortgages given by defendants Abner D. Thomas and Laura A., his wife, to complainant for money loaned.

The terms of the whole loan appear to have been agreed on at the same time, but the business was completed by two transactions.    The first mortgage, dated April first, 1869, was for $6000 payable in five years from the first of March preceding, with annual interest at ten per cent, and the second mortgage, dated June first, 1869, was for $4000 payable in five years from March first, 1870, with annual interest at ten per cent.    The complainant was a resident of Vermont and the whole business on his part was conducted by his cousin Ira Peake who was a resident here and acted as his agent.    The same descriptions of land were inserted in both mortgages, and they are as follows: The west half of the southwest quarter of section twenty-nine except one-half acre known as blacksmith shop lot and one-half acre known as school house lot; next, the southeast quarter and east half of southwest quarter of section thirty; and lastly, the north half of the northeast quarter and the northwest quarter of section thirty-one, all being in township five north and range nine west, and aggregating five hundred and sixty acres according to the original survey.    It will be observed that the tract is in Kent county.    The mortgages were accompanied by notes of even date with the mortgages, and made by defendant Abner D. Thomas who borrowed the money.

At the time of the loan the premises were considered worth about fifteen thousand dollars but they were already

incumbered to a considerable amount. The avowed purpose of Mr. Thomas when the money was obtained was to use part of it to free the premises from an existing mortgage and to complete some building improvements which had been commenced on the homestead eighty. When this suit was instituted no part of the principal had been paid, and only a portion of the interest. And some considerable portion of the prior incumbrances still remained likewise. The property had fallen in value to some twelve thousand dollars and Mr. Thomas had himself become insolvent. On the first of March last the amount of principal and interest due and unpaid on the mortgages in suit was $13,300 as ascertained by the commissioner who executed the order of reference.

The only controversy has been raised by Mrs. Thomas. She claimed that the east half of the northwest quarter of section thirty-one, being the home lot and dwelling-place of herself and husband, was her separate property at the time the mortgages were given, and that she was wholly unaware when she executed the mortgages that they embraced that lot, and first ascertained that they did, after the commencement of this suit. She insisted that she neither read the mortgages nor heard them read, and that no one suggested to her that her land was included, and that if she had read them or they had been read to her without explanation, she would not have recognized her lot by its description; that she joined in the execution of the mortgages in the belief that she was desired to do so for no other purpose than to cut off any claim to dower in her husband's lands which might otherwise arise.

It was further urged, but not very strenuously, that she was not examined separately from her husband when her acknowledgments were taken.

The court decreed in her favor and ordered the release of the home lot from both mortgages, but in all other respects sustained the complainant's case. He appealed.

The objection that Mrs. Thomas was not examined separately from her husband is easily disposed of. It fails as matter of fact. The preponderance of evidence is not lacking merely. It is the other way.

The other ground of defense merits more attention. A fair estimate of the evidence shows that Mr. Thomas did not own the home lot in question and that whatever title was held by either, belonged to his wife, and that as matter of fact she was not informed that the mortgages included that lot and felt no solicitude on the subject and made no inquiry. On the other hand it appears from the case that complainant and his agent acted in entire good faith and in no manner gave Mrs. Thomas any just opportunity or any opportunity to contend that they misled her.

The money was advanced in the belief that the mortgages were well executed to bind all the property. Neither complainant nor his agent appears to have had any notice or suspicion that in joining with her husband Mrs. Thomas was laboring under any mistake or imposition. All appearances were the other way and however innocent she may have been of any purpose to wrong any one, it is still certain that in going on without inquiry or making any sign of warning she pursued a course palpably calculated to authorize and which did authorize complainant's agent to believe that she freely assented to all the terms of the mortgages. Part of the money at all events was to be applied to the improvement of this home lot and to pay some part at least of a debt resting on it. And according to the proofs this purpose has been to some extent carried out.

The whole premises included in the mortgages have become inadequate security and a withdrawal of the home lot in view of its central position and improvements would impair the security to a much greater extent than the value of the lot by itself. Mr. Thomas has become impoverished, and the notes add nothing to the security, and the whole premises are greatly insuffi-

cient to satisfy the debt. A large loss to complainant is unavoidable, and if the home lot is excluded it must be largely increased. If the lot is not excluded, but is considered as bound by the mortgage, a loss must fall upon Mrs. Thomas.

One or the other of these parties, then, must suffer loss on account of this lot, and the question is whether it ought to fall on complainant or on her. The answer is not doubtful. A principle of natural justice decides against her. And when stated broadly, it is that whenever one of two innocent persons must suffer by the act of a third, the loss shall be borne by that one whose behavior in the matter denoted to the other that such third person's doings therein were worthy of trust according to their outward seeming. *Lickbarrow v. Mason*, 2 Term., per ASHHURST, P. J., 70; *Isnard v. Torres*, 10 La. Ann., 103; *Calais Steamboat Co. v. Van Pelt's Adm'r*, 2 Black, 372.

The course of Mrs. Thomas with her husband in the business was tantamount to an announcement from her to complainant's agent, that so far as necessary to make the mortgages bind all the property they described, she was an assenting party and co-operating and agreeing with her husband.

Assuming that as between her and her husband the fact was otherwise, and that she acted ignorantly and he culpably, the complainant is entitled to exemption from the consequential injury. The loss must fall on her and not on him.

Another principle of less scope is equally decisive. It is this: whatever may be the actual intention of a party to a transaction, if he so conducts in regard thereto as to lead a reasonable person to believe that he understands and assents to its terms, and the other party so believing fully performs on his part in conformity with the view so indicated, the former is precluded from asserting that he did not so understand and assent, and is bound. *Smith v. Hughes*, L. R. 6 Q. B.,

597; *Phillip v. Gallant,* 62 N. Y., 256; *Blair v. Wait,* 69 id., 113; *Truesdail v. Ward,* 24 Mich., 117; *Manley v. Saunders,* 27 Mich., 347; *Androscoggin Bank v. Kimball,* 10 Cush., 373; *Montague v. Perkins,* 22 E. L. & E., 516; *Case v. Erwin,* 18 Mich., 434; *Carr v. The London & North Western Ry. Co.,* L. R. 10 C. P., 307: 12 Eng., 364 and note; *Swain v. Seamens,* 9 Wall., 254. Undoubtedly there is room for other considerations not favorable to the defense, but they are not called for (*Norton v. Nichols,* 35 Mich., 148), and it would be superfluous to enlarge on the view presented. The court is unable to assent to the objection that the bill does not make a case permitting a decree for sale of the home lot, supposing Mrs. Thomas to have been the true owner.

The decree should be reversed and a proper one entered here against the whole premises, with costs of both courts to complainant, and the case should be remanded for the execution of the decree.

CAMPBELL, C. J. and COOLEY, J. concurred; MARSTON, J. did not sit in this case.