## SAMUELS *v*. DETROIT TRUST CO.

1. EQUITY—FRAUD—PARTY MAKING POSSIBLE WRONG SHOULD BE ONE TO SUFFER.

   Where one of two innocent parties must suffer by the wrong of a third, it should be that one which has put it in the power of the third to work the injury.

2. MORTGAGES—DEED AS MORTGAGE—PAROL EVIDENCE—BURDEN OF PROOF.

   While parol evidence is admissible to show that a deed absolute in form was given as security only and operates as a mortgage, the burden of proof rests upon the party

On parol evidence that a written instrument which on its face imports a complete transfer of a legal or equitable estate or interest in property was intended as a mortgage, see note in L. R. A. 1916B, 18.

so claiming to establish that fact by a preponderance of evidence.

3. SAME—EVIDENCE INSUFFICIENT TO SUSTAIN BURDEN OF PROOF.
   The finding of the court below that plaintiff had failed to sustain the burden of proof resting upon him to show that the deed absolute upon its face was in fact a mortgage, *held*, supported by the record.

Appeal from Wayne; Mandell (Henry A.), J. Submitted June 20, 1923. (Docket No. 85.) Decided July 19, 1923.

Bill by Leonard Samuels against the Detroit Trust Company, administrator of the estate of Albert J. Reeber, deceased, and others to have a deed declared to be a mortgage, and for an accounting. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*George B. Greening* (*Atkinson & Doyle*, of counsel), for plaintiff.

*Keena, Lightner, Oxtoby & Hanley,* for defendant trust company.

STEERE, J. Plaintiff Samuels owned an improved lot in the city of Detroit located at the southwest corner of Maxwell avenue and Conger street, which he sold to defendants Adam and Edith Liedel on February 25, 1916, under a land contract for $3,200, with a payment of $365 down and the balance in monthly instalments of $25, or more at their option, until the full purchase price with interest had been paid. The property was then subject to a mortgage held by the People's State Bank upon which there remained due and unpaid $1,200 with accumulated interest, with foreclosure proceedings pending. On March 17, 1917, Samuels and wife conveyed said premises to Albert J. Reeber by full covenant warranty deed for an expressed consideration of "one dollar and

other valuable considerations," without any exceptions or reservations limiting the covenant of warranty in the deed, which was recorded in the office of the register of deeds of Wayne county in liber 1185 of deeds, p. 563, on April 13, 1917. On June 28, 1917, Reeber and wife gave a mortgage on said property to defendant Leopold Anspach for $1,650 running for three years with interest at 6 per cent. per annum, recorded on that date. On October 11, 1917, Reeber died from a cancer with which he had been afflicted for some months, and Anspach died before this suit was heard.

Plaintiff's bill was filed March 3, 1920, to have his warranty deed to Reeber declared a mortgage, for an accounting and a decree directing the Detroit Trust Company, which in the meantime had been appointed administrator of Reeber's estate, to deliver to Samuels a deed of the property. It is admitted that the estate proved hopelessly insolvent, in so far as "the assets in the hands of the administrator was concerned." Defendants Adam and Edith Liedel and Rose Reeber were not called as witnesses, did not file answers in the case and apparently were not interested in this controversy. No question was raised as to the validity of the Anspach mortgage, and the contest is essentially between Samuels and the trust company representing as administrator the creditors of Reeber. Samuels was disqualified from testifying to matters equally within the knowledge of the deceased and was not sworn. Only two witnesses were sworn in plaintiff's behalf. The defense called no witnesses. Plaintiff's attorney took the stand and testified to presenting a claim for Samuels against Reeber's estate in the probate court, which was disallowed, but had no personal knowledge of facts relating to execution of the deed in controversy. Gnau, a real estate agent who witnessed the deed, knew the parties and had done some

business for them, testified in support of plaintiff's contention. The trial court was of opinion that his testimony in support of the mortgage theory did not, against the written evidence and circumstances disclosed, convincingly sustain the burden of proof resting upon plaintiff to show beyond reasonable controversy that the warranty deed he had given did not correctly express the intent of the parties, and dismissed his bill.

Gnau testified that he acted as agent for Samuels in his sale of the property under contract to the Liedels in 1916 and had charge of that transaction; that he was in the same office and had familiar acquaintance with Reeber, and personally knew of his paying off the mortgage held by the People's State Bank; that Reeber never made any statement to him concerning the character of the title he acquired in the property, but he was present in Reeber's office when that matter was talked about between Samuels and Reeber. He summarized the transaction at conclusion of his direct-examination in part as follows:

"Of course this was so many years ago I cannot give you the exact words. Mr. Reeber told Mr. Samuels that this mortgage had to be paid up at the register of deeds' office because it only had a short time for redemption and he asked Mr. Samuels' whether he was in a position to pay it. Samuels said he was not. Mr. Samuels told Mr. Reeber for him to pay it. Mr. Reeber did pay it. A short time after Mr. Samuels came in the office Mr. Reeber told him that he must get the deed to the property in order to be recompensed for the money that he laid out to the register of deeds' office because he was getting ready to put another mortgage on there, and Mr. Samuels said 'Go ahead.' I witnessed that deed and took the acknowledgment of Mr. and Mrs. Samuels. The deed is dated March 17th, and is Exhibit 1."

He testified to no direct statement between the

parties or by either of them to him that this deed was given as a mortgage or to secure any existing debt, or why, if such was its purpose, a deed purporting to convey complete title was given and recorded as a deed, which would not even be constructive notice of a mortgage. He testified that Reeber was sick for about six months before he died and was operated upon in the spring of that year, visiting his office and doing some business for a time afterwards, and returning to the hospital in August where he remained for some time and was then taken to his home; that he visited him in his office and at his home, knew he was seriously ill, learned he was stricken with a cancer and there was no hope of recovery but, knowing that Samuels had conveyed this property to Reeber, did not inform him of the latter's condition or advise him that matter should be taken care of. What Samuels knew of Reeber's protracted illness does not appear, but he is not shown to have taken any steps to have the deed he gave him declared a mortgage until between two and three years after Reeber was dead.

Reeber's creditors and his administrator representing them are innocent third parties to this transaction. By giving this warranty deed Samuels represented and put it in Reeber's power to represent to his creditors that he was absolute owner of this property. Conceding that he did so innocently and only as security for aid Reeber was to give him, it is a general rule of not remote application to this situation that "where one of two innocent parties must suffer by the wrong of a third, it should be that one which has put it in the power of the third to work the injury." *Miller* v. *Insurance Co.*, 101 Mich. 49 (45 Am. St. Rep. 389).

While the law is well settled in most jurisdictions that parol evidence is admissible to show a deed ab-

solute in form was given to secure a loan and operates only as a mortgage, the rule is universal that in such case the burden of proof rests upon the party so claiming to establish that fact by a preponderance of evidence. As to just how strong and clear that preponderance must be the authorities are not in full harmony and some variance may be found in certain of our own opinions (L. R. A. 1916B, 197), but it was said in an opinion by Justice Christiancy as early as *Hunter* v. *Hopkins*, 12 Mich. 227, that—

"To divest such title on the grounds mentioned in the bill, upon parol evidence alone, the preponderance of evidence should be clear, and the evidence so convincing as to leave no reasonable doubt upon the mind."

This rule has since been cited as a test in *Case* v. *Peters*, 20 Mich. 298, and quoted with approval, together with other statements of the rule of similar import, in *Frolich* v. *Aikman*, 194 Mich. 569.

There is no evidence in this case that the deed under consideration was the result of overreaching oppression or fraud. Plaintiff offered no written evidence inferentially impeaching the verity of this warranty deed. His parol testimony does not even meet the general rule as recognized in *McMillan* v. *Bissell*, 63 Mich. 66, cited by his counsel, that:

—"clear, irrefragable, and convincing proofs are required to show that a deed absolute upon its face was intended as a mortgage."

The decree will stand affirmed, with costs to defendant.

Wiest, C. J., and Fellows, McDonald, Clark, Bird, Sharpe, and Moore, JJ., concurred.