McKENZIE *v.* WEST DETROIT LAND CO.

1. VENDOR AND PURCHASER—LAND CONTRACTS — ACKNOWLEDGMENT
   NOT ESSENTIAL TO VALIDITY.
   In an action to recover the down payments on land con-
   tracts on the ground that the vendee was not bound be-
   cause the vendor failed to acknowledge them, evidence
   *held,* to show that the contracts are valid; acknowledgment
   not being essential to their validity.

2. APPEAL AND ERROR—LAND CONTRACTS—FAILURE TO FORMALLY
   PUT CONTRACTS IN EVIDENCE NOT REVERSIBLE ERROR.
   Failure to formally introduce land contracts in evidence
   in an action to recover the down payments thereon, *held,*
   not reversible error, where they were marked as exhibits,
   identified and handed to the court, and the testimony es-
   tablished their validity.

Case-made from Wayne; Smith (Guy E.), J., pre-
siding.    Submitted October 6, 1927.    (Docket No.
49.)    Decided December 1, 1927.

Assumpsit in justice's court by Walter I. McKenzie
against the West Detroit Land Company for money
paid on land contracts.  There was judgment for plain-
tiff, and defendant appealed to the circuit court.  Judg-
ment for defendant.  Plaintiff appeals.  Affirmed.

*Walter I. McKenzie, in pro. per.*

*Ralph B. Clark,* for appellee.

FELLOWS, J.    After some preliminary discussion,
not necessary to detail, plaintiff agreed with the agent
of defendant to purchase on contract three lots in
Riverview subdivision.    Defendant prepared in dupli-

[1]Acknowledgments, 1 C. J. § 4; Vendor and Purchaser, 39 Cyc.
p. 1229; [2]Appeal and Error, 4 C. J. § 2948; Trial, 38 Cyc. p. 1338.
    241—Mich.—9.

cate two contracts, one for one lot and one for two. Defendant's officers signed the contracts but they were not acknowledged before a notary public. Defendant's agent took them to plaintiff's office. Plaintiff desired that the contracts be "notarized," as it is spoken of in the record, so that they might be recorded, and the testimony shows that the agent of defendant promised before plaintiff signed the four papers to have that done. Plaintiff signed all the contracts, made the down payment and retained two of the contracts in his possession. It may be fairly inferred that he was to exchange these for the ones which bore the acknowledgment later to be made. There was considerable delay in sending to plaintiff the contracts duly acknowledged, although they were sent after he had indicated that he did not regard himself bound by the contracts.

Plaintiff brings this action to recover the money paid. He bases his claimed right of recovery on this theory: That the delivery of the contracts to the defendant's agent was a delivery to such agent in escrow; that the contracts were not to become binding until the acknowledgments were indorsed on them; and that, therefore, there were no binding contracts in writing to take the transaction out of the statute of frauds. The case was tried before the court without a jury and written findings of fact and conclusions of law were filed. The trial judge found that the minds of the parties met in the written contracts; that valid contracts of purchase and sale were then made, and judgment was entered for defendant. It is somewhat difficult to follow the contention that the delivery to the agent, who was acting for his principal, was not a delivery to such principal. But we need not decide the question. Plaintiff's testimony tended to establish a conditional delivery, but there was testimony in the case from which the court was justified

in finding that the deal was then closed and plaintiff accepted the oral promise of the agent, who was an old classmate of his, to have the writings put in shape for record.   The testimony clearly establishes that the terms of the sale had all been agreed upon by the parties and there is no claim that the written contracts did not embody them.   While the contracts required acknowledgment to entitle them to record, and defendant could have avoided this lawsuit by promptly and courteously responding to plaintiff's request, acknowledgment was not essential to their validity, and we entertain no doubt that plaintiff would be entitled to maintain a suit for their specific performance upon the evidence in this record.

But it is urged the contracts were not offered in evidence.   It is true they were not formally offered in evidence.   They were marked as exhibits, identified, and handed up to the court.   Plaintiff's testimony given without objection established the execution of the written contracts and no point is made that they did not comply with the statute of frauds if they were binding.   We have pointed out that there was testimony establishing their binding force.   The point is without merit.

The findings support the judgment and the evidence supports the findings.   They are not against its clear weight.

The judgment will be affirmed.

SHARPE, C. J., and BIRD, FLANNIGAN, WIEST, CLARK, and McDONALD, JJ., concurred.

The late Justice SNOW took no part in this decision.