NORTH DETROIT LAND CO. v. ROMINIECKI.

1. VENDOR AND PURCHASER—ACKNOWLEDGMENT OF ASSIGNMENT OF LAND CONTRACT UNNECESSARY.

Between parties thereto, assignment of land contract need not be acknowledged, for it is unnecessary to acknowledge execution of contract itself.

2. SAME—FRAUDULENT ASSIGNMENT—PROXIMATE CAUSE—NOTARIES.

Since acknowledgment of assignment of land contract is not necessary to validity, acknowledgment if fraudulently executed was not proximate cause of fraud, and therefore neither notary nor her surety may be held liable in suit to determine rights of parties in land conveyed.

3. NOTARIES—FRAUDULENT ACKNOWLEDGMENT—REMOVAL FROM OFFICE.

If notary public fraudulently executed acknowledgment of assignment of land contract, her removal from office should be sought in direct proceeding therefor.

4. EQUITY—FRAUD—PARTY MAKING FRAUD POSSIBLE SHOULD BE ONE OF TWO INNOCENT PARTIES TO SUFFER.

Where one of two innocent persons must suffer through fraudulent acts of third party, loss must be borne by person whose acts made fraud possible.

5. VENDOR AND PURCHASER—FRAUDULENT ASSIGNMENT—ASSIGNMENT IN BLANK.

Owners of land contract, who made possible its fraudulent assignment to innocent purchasers by assigning it in blank and turning it over to trusted agent, must suffer loss rather than innocent purchasers.

6. SAME—INNOCENT ASSIGNEE OF LAND CONTRACT ENTITLED TO DEED.

Although plat owner's agent had been informed that there was some irregularity in assignment of land contract on certain lots, yet where assignee presented contract and also receipts showing payments made by assignors since assignment, and demanded deed, owner was bound to give deed.

As to liability of notary or other officer certifying to acknowledgment or affidavit, see annotation in 49 L. R. A. (N. S.) 45.

As to liability of notary public, or his bond, see annotation in 18 A. L. R. 1302; 31 A. L. R. 920; 61 A. L. R. 807.

7. SAME—SPECIFIC PERFORMANCE—ACKNOWLEDGMENT.
    Specific performance of land contract may be decreed although
    assignment thereof is unacknowledged.

Appeal from Wayne; Collingwood (Charles B.), J., presiding. Submitted January 15, 1932. (Docket No. 152, Calendar No. 36,185.) Decided March 2, 1932.

Bill by North Detroit Land Company, a Michigan corporation, against Michael Rominiecki and others to determine the rights of various parties to land, avoid multiplicity of suits, and other relief. Cross-bill by Leinbach-Humphrey Company, a Michigan corporation, impleading Martha Beger and another as cross-defendants thereto for false notarization. Decree for defendants Rominiecki against cross-defendants. Cross-defendant Fidelity & Casualty Company of New York and defendants DeVos appeal. Reversed and bill dismissed.

*Lynch & Hinks,* for plaintiff.

*Henry C. L. Forler,* for defendants Rominiecki.

*Wilkinson, Lowther & O'Connell,* for defendant Leinbach-Humphrey Company.

*Oxtoby, Robison & Hull,* for defendants DeVos.

*Spellman & Daniell* (*Bishop & Weaver,* of counsel), for cross-defendant Fidelity & Casualty Company.

BUTZEL, J. Michael Rominiecki and wife, defendants, entered into an executory contract to purchase land in Detroit from North Detroit Land Company, plaintiff, through defendant Leinbach-Humphrey Company, the sales agent of the subdivi-

sion. Mr. and Mrs. Rominiecki dealt directly with Leinbach-Humphrey Company and did not meet plaintiff. The contract, dated February 9, 1920, called for a consideration of $1,245, $124.50 of which was paid on the execution and delivery of the contract, the balance of the purchase price being payable on or before five years, in monthly payments of not less than $12 per month, to be applied on principal and interest. Defendants Rominiecki, the vendees, are foreigners with but a limited knowledge of the English language. They became acquainted with one John F. Danby and reposed their confidence in him. He was acting as their agent in another transaction. The land contract was assigned to John Wisniewski and Genevieve, his wife, codefendants, who in turn assigned it to Octave DeVos and Mary DeVos, also defendants and cross-appellants. The assignments of contract are properly signed. The one from the Rominieckis to the Wisniewskis is acknowledged before Martha Beger, a notary public, and also a defendant herein. Notwithstanding the fact that Mr. and Mrs. Rominiecki in their testimony cast some doubt on the genuineness of their signatures to the assignment of the land contract, the trial judge properly found that the signatures were genuine and the testimony fully substantiates the correctness of his opinion. They claim, however, that if they did sign it, they did so through a mistaken belief that the purport of the document was entirely different from what it really is, that it was signed in blank and subsequently filled in by Danby, and that they never appeared before defendant Martha Beger, a notary public, who fraudulently acknowledged the contract. It is claimed that Danby secured the contract itself by fraud and deceit from Mrs. Rominiecki's sister, with whom it had been

left, in order that she might make payments. When Mrs. Rominiecki learned that the contract had been thus obtained, she went to defendant Leinbach-Humphrey Company's office and notified them that the contract had been improperly obtained, and that she had signed some document which might be an assignment of contract. Upon her being shown a blank form of assignment of land contract, she stated that she had signed a much longer form. She thereupon made a payment of $24, constituting two payments of $12 each, then due, and received a receipt for this amount. Danby visited her home, and, as she claims, stole the receipt from her. Very shortly thereafter DeVos went to the office of Leinbach-Humphrey Company and presented the contract, the assignments transferring it, and the receipt, and asked for a deed to the property. The agent told him that there had been some question about the assignment of the contract, but inasmuch as DeVos had the receipt that had been issued since Mrs. Rominiecki had complained of the fraud, evidently everything was all right. Upon the payment of the balance still due on the contract, he delivered to DeVos a deed of the property. The record shows that there can be absolutely no question of the good faith of defendant DeVos and wife. When Rominiecki and wife asserted their claim against the North Detroit Land Company, and the questions arose as to the ownership of the land and respective rights and liabilities of the various parties to the litigation, the land company filed a bill asking the court to determine who was entitled to the property, and if there was any liability to the Rominieckis, to determine who was responsible. The bill was also filed to avoid a multiplicity of suits so that all questions might be litigated in one cause. Danby was

not made a defendant in the suit. The record shows that he was subsequently prosecuted on a criminal complaint in the recorder's court of the city of Detroit on a charge, the nature of which is not shown by the record.

The Fidelity & Casualty Company of New York was also joined as a defendant. It was the surety on the bond given by defendant Martha Beger in order to qualify as a notary public. The court found that Mr. and Mrs. Rominiecki never acknowledged the assignment of the contract to defendants Wisniewski, that the acknowledgment was fraudulent, and that defendant Beger, in notarizing it, had perpetrated a fraud, and that she and defendant Fidelity & Casualty Company of New York, the surety, were liable to Mr. and Mrs. Rominiecki in the sum of $1,000. Although the loss to defendants Rominiecki was slightly in excess of $1,000, they agreed to accept that sum and waive the balance of their claim. The defendant Fidelity & Casualty Company has appealed, and defendants DeVos and wife have filed a cross-appeal in order to preserve their rights. Plaintiff, North Detroit Land Company claims it is not liable, but that if this court holds otherwise, that defendant Leinbach-Humphrey Company should also be held liable and ordered to pay to plaintiff any sum for which it may be held liable.

Between the parties thereto, an assignment of land contract need not be acknowledged, for it is unnecessary to acknowledge the execution of the contract itself. See *Dougherty* v. *Randall,* 3 Mich. 581; *Price* v. *Haynes,* 37 Mich. 487; *Stamp* v. *Steele,* 209 Mich. 205, 213; *Kerschensteiner* v. *Northern Michigan Land Co.,* 244 Mich. 403, 417. For this reason, the defendant Fidelity & Casualty Company of New York cannot be held liable. This is equally

true as to defendant Martha Beger. If she fraudulently executed the acknowledgment, her removal from the office of notary public should be sought in a different proceeding, but as the acknowledgment was not the proximate cause of the fraud, she cannot be held liable in the present case.

If Beger and the surety company are not held liable, it is claimed that defendants Rominiecki should have a decree against defendant DeVos. In support of this contention, *McGinn* v. *Tobey,* 62 Mich. 252 (4 Am. St. Rep. 848), and *Horvath* v. *National Mortgage Co.,* 238 Mich. 354 (56 A. L. R. 578), are relied upon. The facts in these cases are entirely different. The innocence and good faith of defendants DeVos cannot be questioned. They accepted the assignment from defendants Rominiecki to defendants Wisniewski, and from the latter to themselves, at a value of $2,000, as a down payment on a contract for the sale of another house and lot. The vendee's interest in the contract has been assigned by the Wisniewskis to a stranger to the transaction in litigation. Defendants Rominiecki were absolutely negligent in placing in the hands of their agent a legal document signed in blank. This was the proximate cause of the fraud. When one of two innocent persons must suffer through the acts of a third, the loss must be borne by the person who enables such third person to perpetrate or occasion the fraud. *First National Bank* v. *Burkham,* 32 Mich. 328; *Peake* v. *Thomas,* 39 Mich. 584; *Robertson* v. *Budzier,* 229 Mich. 619; *Samuels* v. *Detroit Trust Co.,* 223 Mich. 661. The record is devoid of all testimony showing that any reliance whatsoever was placed on the acknowledgment of the notary.

Neither do we believe that plaintiff, North Detroit Land Company, nor defendant Leinbach-Hum-

phrey Company can be held liable. While it is claimed that the receipt given by DeVos to the Leinbach-Humphrey Company may not have been sufficient to warrant the latter to disregard the notice given by Mrs. Rominiecki, nevertheless plaintiff was bound to give the deed to defendants DeVos upon the presentation of the contract and the two assignments which transferred the contract to them. Specific performance could be decreed on unacknowledged assignments of contract. See *McKenzie v. West Detroit Land Co.*, 241 Mich. 129, 131. While it is exceedingly unfortunate that the defendants Rominiecki can only secure redress from Danby, who is not a party defendant, and against whom it may be futile to bring suit, we are constrained to hold that defendants Rominiecki have no redress against plaintiff and the other defendants in the case.

The bill will be dismissed, but without costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.